**Jackie SCOTT, Plaintiff,**

v.

**S.F. GREINER, Ken Merritt, Sheriff of Wood County, Wood County Commission, Wood County Sheriff's Department, Mark Rhodes, Jail Administrator, Unknown Correctional Officers, Shawn Graham, Deputy Sheriff, Timothy Robinson, Deputy Sheriff, James Asbury, Correctional Officer, Michael Wise, Correctional Officer, R.L. Nelson, Lieutenant, Dave Joy, Corporal, Joe Jackson, Correctional Officer, Dr. Ruth Panepinto, Secretary of Department of Health and Human Resources, Defendants.**

Civ. A. No. 6:94–0274.

United States District Court,
S.D. West Virginia,
Parkersburg Division.

July 15, 1994.

Elizabeth A. Pyles, Pyles & Auvil, Parkersburg, WV, for plaintiff.

Richard A. Hayhurst, Parkersburg, WV, Travis S. Haley and Gary E. Pullin, Cleek, Pullin, Knopf & Fowler, Charleston, WV, for defendants.

R. Ford Francis, Shuman, Annand & Poe, Charleston, WV, for defendant Panepinto.

## *MEMORANDUM OPINION AND ORDER*

HADEN, Chief Judge.

This action was referred to the Honorable Jerry D. Hogg, United States Magistrate Judge, who has submitted his proposed recommendation for disposition pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge's Report–Recommendation was filed on June 2, 1994, and Plaintiff's objections were filed on June 17, 1994. Defendants have not responded to Plaintiff's objections.

Defendants removed this case to this Court on April 7, 1994. Plaintiff moved for remand, asserting Defendants' removal petition was untimely. Defendants contended their removal petition was filed timely and that federal question jurisdiction, pursuant to 28 U.S.C. § 1331, provides a basis for removal of the action.

The standard of review of Judge Hogg's Report–Recommendation is *de novo*. *Federal Rule of Civil Procedure* 72(b). The basis for removal asserted by Defendants is federal question jurisdiction. 28 U.S.C. §§ 1331 and 1441. Removal petitions usually must be filed within thirty days of the filing of Plaintiff's initial pleading, here the complaint. 28 U.S.C. § 1446(b).

Defendants do not dispute their removal petition was filed more than thirty days after the filing of Plaintiff's complaint. Instead, Defendants contend they are permitted removal past thirty days because a federal question was not sufficiently posed by the complaint, and a sufficient basis for federal question jurisdiction did not become evident to them until March 28, 1994. Defendants rely upon 28 U.S.C. § 1446(b), which states, in pertinent part:

"If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable[.]"

Defendants contend the case stated by the initial pleading was not removable and they were unable to ascertain sufficiently federal question jurisdiction, and thus the removability of the case, until receipt of certain admissions from the Plaintiff on March 28, 1994. On that date Plaintiff admitted her federal due process claim was related to an alleged violation of 42 U.S.C. § 1983.

West Virginia, and indeed all other states, have permitted maintenance of § 1983 claims in state courts. Thus, the state courts clearly have concurrent jurisdiction over § 1983 claims. *Howlett v. Rose*, 496 U.S. 356, 378, n. 20, 110 S.Ct. 2430, 2444, n. 20, 110 L.Ed.2d 332, n. 20 (1990) ("Virtually every state has expressly or by implication opened its courts to § 1983 cases."); *Harrah v. Leverette*, 165 W.Va. 665, 682, 271 S.E.2d 322, 332 (1980) ("It is ... clear that 42 U.S.C. § 1983 actions may be pursued in our state courts."). *See Syllabus* Point 2, *Mitchem v. Melton*, 167 W.Va. 21, 277 S.E.2d 895 (1981) ("An action based on 42 U.S.C. § 1983 can be maintained in our State courts to challenge prison conditions.").

The Court notes Plaintiff's initial complaint stated a cause of action for a federal due process claim. Defendants seek to deny the initial complaint stated a federal cause of action by suggesting the allegation was too vague to ascertain federal question jurisdiction. Defendants rely upon the "well-pleaded complaint" rule, contending Plaintiff's complaint did not truly state a federal cause of action because it was too vague, and was therefore not "well-pled."

■■■ The Court concludes Defendants reliance upon the well-pleaded complaint rule· is misplaced. The well-pleaded complaint rule is designed *to protect the plaintiff* from a Defendant reading a cause of action into a complaint where none is stated. The rule is designed to allow the plaintiff the right to choose the forum for the action. The Plaintiff may either assert state causes of action only, or he or she may include federal causes of action, thereby leaving the action vulnerable to removal by the defendant. The well-pleaded complaint rule *protects* a plaintiff from a defendant who seeks to remove a case where no federal cause of action has been asserted, *e.g.*, where a defendant asserts federal law provides a defense to a plaintiff's well-pled state cause of action.[1] As stated in *State ex rel. Brown v. American Television and Communications Corp.*, 1988 WL 72619, *1 (S.D.W.Va.1988):

"For federal question jurisdiction to exist, federal law must be a direct element in plaintiff's claim. It is not enough for the laws to come in remotely or indirectly. The federal question must appear on the face of the well-pleaded complaint. *The well-pleaded complaint rule bars invoking federal jurisdiction on the basis of an answer raising a federal defense.* A corollary of the well-pleaded complaint rule states that the party who brings a suit is master of his claim and as such may determine to forego a federal claim and restrict his suit to state court on a state created claim. If the plaintiff so decides, his case

generally cannot be removed." (emphasis added and citations omitted).

*See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) ("The rule makes the plaintiff the master of the claim; he or she may avoid federal question jurisdiction by exclusive reliance on state law."); *Sanford v. International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada*, 1992 WL 300857, *3 (E.D.Va.1992), *aff'd*, 14 F.3d 596 (4th Cir.1993) ("[T]he paramount policies embodied in the well-pleaded complaint rule [include] that the Plaintiff is the master of the Complaint and that a federal question must appear on the face of the complaint."); *Cheshire v. Coca–Cola Bottling Affiliated, Inc.*, 758 F.Supp. 1098, 1100 (D.S.C.1990) ("Where plaintiff alleges facts that will support claims arising under both state and federal law, plaintiff is normally free to ignore the claims arising under federal law and 'pitch his claim' on state grounds, thereby precluding removal on the basis of federal question jurisdiction." *Citing Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 22, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983)). Thus, the well-pleaded complaint rule allows the plaintiff to choose his or her forum. The plaintiff may assert a federal cause of action in state court at his peril—the defendant may file a removal petition within thirty days of the date he receives paper notice of plaintiff's assertion of a federal cause of action. Plaintiff will not be able to remand the claim if he or she has asserted a federal question. 28 U.S.C. § 1446(b). However, if the defendant files an untimely notice of removal, the action must be remanded to the state court.

■■ The Court has not been cited nor has it found any other case where a *defendant* has asserted, in order to preclude the running of time for removal purposes, that no federal question. exists, even though the

---

1. There are exceptions to the well-pleaded complaint rule: where "complete" pre-emption by federal law exists, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987), or where the plaintiff seeks to conceal the true federal nature of his claim

through "artful pleading," the court will look beyond the complaint to determine whether a federal question persists precluding remand. *See generally*, James Wm. Moore, *et al.*, 1A *Moore's Federal Practice* ¶ 0.160[3] (2nd ed. 1993).

plaintiff has asserted a federal question on the face of a complaint. The reason is clear. A defendant may file a removal petition after thirty days has passed from the date plaintiff files the complaint only when "the case stated by the initial pleading is not removable[.]" 28 U.S.C. 1446(b). When a plaintiff specifically and intentionally raises a federal question on the face of the complaint, the action is removable *regardless of the vagueness of the allegations.* Simply put, where a plaintiff openly asserts a federal claim, the action immediately becomes removable.

Removal statutes must be strictly construed against removal. *Marshall v. Manville Sales Corp.,* 6 F.3d 229, 232 (4th Cir.1993); *Castle v. Laurel Creek Co., Inc.,* 848 F.Supp. 62, 65 (S.D.W.Va.1994) (Haden, C.J.); *Griffin v. Holmes,* 843 F.Supp. 81, 84 (E.D.N.C.1993). Any doubts concerning the propriety of removal must be resolved in favor of retained state court jurisdiction. *Marshall v. Manville Sales Corp., supra,* 6 F.3d at 232.

In this case the action became ripe for the filing of a removal petition when the Plaintiff filed her complaint. She did not attempt to hide her federal cause of action in any way; she openly expressed it on the face of her complaint. Defendants clearly were put on notice Plaintiff was asserting a federal cause of action, however vague.[2] Had Defendants filed a removal petition within thirty days of receipt of Plaintiff's complaint, Plaintiff could not then attempt to defeat the removal by denying a federal question was posed; nor could the court thereafter remand the case because the federal cause of action was vague. The thirty day period for filing a removal petition began to run upon the filing of Plaintiff's complaint.

Based upon the foregoing, the Court concludes Defendants removal petition was un-timely. Defendants clearly had knowledge from the face of Plaintiff's complaint Plaintiff was asserting a federal claim. They could have sought removal then, but failed to do so timely. For these reasons, the Court declines to adopt the Magistrate Judge's Report–Recommendation. Plaintiff's motion for remand is hereby **GRANTED,** and this case is **REMANDED** to the Circuit Court of Kanawha County.

---

**2.** The Court notes the Defendants had a remedy if they considered the Plaintiff's allegations too vague to understand. Rule 12(e) of the *Federal Rules of Civil Procedure* allow for the filing of a motion for a more definite statement. Rule 12(e) states:

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within ten days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such other order as it deems just."