Ronnie Lee SPAULDING,
et al., Plaintiffs,

v.

**MINGO COUNTY BOARD
OF EDUCATION, et
al., Defendants.**

Civ. A. No. 2:95–0165.

United States District Court,
S.D. West Virginia,
Charleston Division.

Aug. 25, 1995.

Mary M. Downey, Charleston, WV, for plaintiffs.

Gerard R. Stowers, Elizabeth D. Harter, Bowles, Rice, McDavid, Graff & Love, Charleston, WV, Claudia W. Bentley, Bowles, Rice, McDavid, Graff & Love, Martinsburg, WV, Roberta Green and Charles R. Bailey, Shuman, Annand & Poe, Charleston, WV, for defendants.

### MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is the Plaintiffs' Motion to Remand. The parties have submitted memoranda in support of their respective positions and the matter is mature for the Court's consideration.

This action was initiated in the Circuit Court of Kanawha County, West Virginia on February 14, 1995. On March 7 the Defendants timely filed a Notice of Removal in this Court asserting the Plaintiffs' causes of action satisfy the original subject matter jurisdiction of this Court, pursuant to the provisions of Title 28 United States Code Sections 1331 [1], 1343(a)(3) [2], 1367 [3], and

---

1. Section 1331 provides, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (1980).

2. Section 1343(a)(3) provides, "[t]he district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person ... [t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States." 28 U.S.C. § 1343(a)(3) (1979).

3. Section 1367 provides, in pertinent part:
 "(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Fed-

1441(b)[4]. The Defendants contend the factual allegations apparent on the face of the Complaint allege, under color of state laws and regulations, deprivations of rights secured by the Constitution of the United States and laws providing for the equal rights of citizens pursuant to 20 United States Code Section 1400, *et seq.*, the Individuals with Disabilities Education Act ("IDEA"), in that Plaintiffs allege Ronnie Lee Spaulding was denied special education and related services; and, pursuant to 29 United States Code Section 794 (Section 504 of the Rehabilitation Act of 1973), in that Plaintiffs allege Ronnie Lee Spaulding was discriminated against by virtue of his disability by the Defendant education agencies, their agents and representatives.

The Plaintiffs' Motion for Remand argues no cause of action arising under the Constitution, treaties, or laws of the United States is contained in the Complaint. In fact, the Complaint specifically states the action "is not filed under the United States Constitution or 42 U.S.C. and related federal statutes." (Complaint ¶ 2). Plaintiffs' Complaint asserts several causes of action: (a) violations of West Virginia common law,

namely the tortious acts of assault and battery, infliction of severe emotional distress, negligent supervision and training, false imprisonment, misrepresentation and fraud, and retaliation; (b) violations of the West Virginia Human Rights Act, West Virginia Code 5–11–1, *et seq.;* (c) violations of the West Virginia Constitution; (d) violations of West Virginia Code §§ 18–20–1, 5, and 7; and, (e) violations of the Policies, Rules, and Regulations of the West Virginia Board of Education, specifically Rules 4370, 4371, and 2419 promulgated through the West Virginia Legislature.

■ If the Court concludes it has original jurisdiction over these claims, Plaintiff argues state law predominates over federal law and the Court yet has discretion, pursuant to Title 28 United States Code Sections 1367(c) and 1441(c)[5], to remand all claims for state adjudication.

## DISCUSSION

■ Because federal courts are courts of limited jurisdiction, the removal statutes, 28 United States Code Section 1441 *et seq.*, must be given a strict construction and the

---

eral statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

 * * * * * *

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

28 U.S.C. § 1367(a) and (c) (1990).

4. Section 1441(b) provides:

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, Treaties or laws of the United States shall be removable without regard to the citizenship or

residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

28 U.S.C. § 1441(b) (1991).

5. Section 1441(c) provides:

"Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which state law predominates."

28 U.S.C. § 1441(c) (1991). The implicit federal causes of action the Defendants argue support removal essentially are supplemental claims, including those formerly characterized as pendent. "[Section 1441(c)] is not directly applicable to suits involving pendent claims, because pendent claims are not 'separate and independent' within the meaning of the removal statute." *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 354, 108 S.Ct. 614, 621, 98 L.Ed.2d 720 (1988) (citing *American Fire & Cas. Co. v. Finn,* 341 U.S. 6, 12–14, 71 S.Ct. 534, 539–40, 95 L.Ed. 702 (1951)).

burden of establishing federal jurisdiction is upon the removing party. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921); *Fairfax Countywide Citizens Ass'n v. Fairfax County, Va.,* 571 F.2d 1299 (4th Cir.), *cert. denied,* 439 U.S. 1047, 99 S.Ct. 722, 58 L.Ed.2d 706 (1978); *Bowman v. White,* 388 F.2d 756 (4th Cir.), *cert. denied,* 393 U.S. 891, 89 S.Ct. 214, 21 L.Ed.2d 172 (1968). Normally, the existence of federal jurisdiction on removal must be determined from the face of the plaintiff's complaint. *Louisville & Nashville R.R. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908); *Gully v. First Nat'l Bank,* 299 U.S. 109, 113, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936).

■ "To sustain [a claim of federal question jurisdiction], the complaint must ... contain allegations 'affirmatively and distinctly' establishing federal grounds, 'not in mere form, but in substance' and 'not in mere assertion, but in essence and effect.'" *Burgess v. Charlottesville Savings & Loan Ass'n,* 477 F.2d 40, 43 (4th Cir.1973) (citations omitted) *(cited with approval in Hubbard v. Union Oil Co. of California,* 601 F.Supp. 790, 792–93 (S.D.W.Va.1985) (Haden, C.J.). The mere existence of a disputed issue of federal law does not necessarily confer federal question jurisdiction. *Goldsmith v. Mayor & City Council of Baltimore,* 845 F.2d 61, 64 (4th Cir.1988) (citing *McCorkle v. First Pa. Banking & Trust Co.,* 459 F.2d 243 (4th Cir.1972)).

To a considerable extent, a plaintiff is the master of his claim and should be free to frame and pursue his theory of pleading, especially if the claim could be state or federal. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 809, n. 6, 106 S.Ct. 3229, 3233 n. 6, 92 L.Ed.2d 650 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced"); *Pan American Petroleum Corp. v. Superior Court of Del. In & For New Castle County,* 366 U.S. 656, 662–63, 81 S.Ct. 1303, 1307–08, 6 L.Ed.2d 584 (1961); *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 411–12, 57 L.Ed. 716 (1913) ("the party who brings a suit is master to decide what law he will rely upon").

"[T]he plaintiff may by the allegations of his complaint determine the status with respect to removability of a case ... when it is commenced, and ... this power to determine removability ... continues with the plaintiff throughout the litigation, so that whether such a case ... shall afterwards become removable depends ... solely upon the form which the plaintiff by his voluntary action shall give to the pleadings."

*Great Northern Ry. Co. v. Alexander,* 246 U.S. 276, 282, 38 S.Ct. 237, 239–40, 62 L.Ed. 713 (1918); *Sanford v. Moving Picture Mach. Operators' Protective Union, Local No. 224,* 14 F.3d 596 (4th Cir.1993). "[W]here plaintiff's claim involves both a federal ground and a state ground, the plaintiff may plead both grounds.... Plaintiff is, however, free to ignore ... the federal ground and rely on the state ground." 1A James Wm. Moore, *Moore's Federal Practice* ¶ 0.160[3.—3] at 230–231 (2d ed. 1995) (footnote citations omitted).

■ The well-pleaded complaint rule is designed to protect the plaintiff from a defendant reading a cause of action into a complaint where none is stated. *Scott v. Greiner,* 858 F.Supp. 607, 609 (S.D.W.Va.1994) (Haden, C.J.). The rule is designed to allow the plaintiff the right to choose the forum. *Id.* The plaintiff either may assert state causes of action or include federal causes of action, thereby leaving the action vulnerable to removal by the defendant. *Id.; Vitarroz Corp. v. Borden, Inc.,* 644 F.2d 960, 964 (2d Cir.1981) ("a plaintiff alleging facts that would support a claim founded upon either federal or state law is free to confine his claim to one based on state law and proceed in state court"); *La Chemise Lacoste v. Alligator Co.,* 506 F.2d 339 (3d Cir.1974), *cert. denied,* 421 U.S. 937, 95 S.Ct. 1666, 44 L.Ed.2d 94 (1975); *Brough v. United Steelworkers of America,* 437 F.2d 748 (1st Cir. 1971).

"To be sure, 'arising under' removal is not proper simply because the factual allega-

288

tions of the complaint *could* have formed the basis for reliance on federal law; where the facts of a case support both a federal and a state law claim, the 'face-of-the-complaint rule' provides that 'the party who brings [the] suit is master to decide what law he will rely upon,' *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913), meaning that the plaintiff in such a case can confine its complaint to a state law theory and proceed in state court without fear of removal to federal court."

*Alameda Room, Inc. v. Pitta*, 538 F.Supp. 1072, 1075 (S.D.N.Y.1982) (emphasis in original); *United Jersey Banks v. Parell*, 783 F.2d 360 (3d Cir.1986), *cert. denied*, 476 U.S. 1170, 106 S.Ct. 2892, 90 L.Ed.2d 979 (1986) (A case does not arise under federal law unless a federal question is raised by the allegations of plaintiffs' well-pleaded complaint. A plaintiff is under no obligation to state a federal claim even if one is available.). "[T]he plaintiff has the prerogative of determining the theory of his action and, so long as fraud is not involved, he may defeat removal to the federal courts by avoiding allegations which provide a basis for the assertion of federal jurisdiction." *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir.1976). Therefore, great weight is given to the plaintiff's chosen forum and legitimate doubts as to the existence of federal jurisdiction must be resolved against removal and in favor of remand. *See gen.* 1A James Wm. Moore, *Moore's Federal Practice,* ¶ 0.157[i.—3] at 43, n. 23 (2d ed. 1995).

■ An exception to this principle arises when "[t]he claim, although ostensibly asserted under state law, is in fact a federal law claim but by artful pleading is misrepresented in order to defeat defendant's right to a federal forum." *Salveson v. Western States Bankcard Ass'n*, 525 F.Supp. 566, 574 (N.D.Cal.1981), *aff'd in part and rev'd in part on other grounds*, 731 F.2d 1423 (9th Cir.1984). Where the plaintiff seeks to conceal the true federal nature of his claim through artful pleading, the court will look beyond the complaint to determine whether a federal question persists precluding remand. *Scott v. Greiner*, 858 F.Supp. 607, 609, n. 1 (S.D.W.Va.1994) (Haden, C.J.).

■ Under the artful pleading doctrine, a plaintiff cannot defeat removal by omitting an essential federal question from the complaint. *Burda v. M. Ecker Co.*, 954 F.2d 434 (7th Cir.1992); *Ontario v. City of Detroit*, 874 F.2d 332 (6th Cir.1989) ("As a general rule, well-pleaded complaints which are filed in state court are not removable. However, a complaint that does not set forth a federal question on its face is removable where a plaintiff has artfully pleaded its claims in order to avoid federal jurisdiction of claims that are federal in nature, or where the state law claims are completely preempted by federal law."); *Shiffler v. Equitable Life Assur. Soc. of U.S.*, 609 F.Supp. 832 (E.D.Pa.1985); *M. Nahas & Co. v. First Nat'l Bank of Hot Springs*, 930 F.2d 608 (8th Cir.1991) (removal was proper where plaintiff asserted state violations of usury laws where Congress had created an exclusive federal remedy.). There is no indication Congress intended to make remedies under the IDEA and the Rehabilitation Act exclusive to the federal forum.

■ Many courts have concluded state and federal courts have concurrent jurisdiction to entertain claims under the Rehabilitation Act. *Capitano v. State of Arizona*, 178 Ariz. 599, 875 P.2d 832, 834, n. 2 (Ariz.Ct. App.1993) (citing *Elek v. Huntington Nat'l Bank*, 60 Ohio St.3d 135, 573 N.E.2d 1056–60 (1991) ("there is nothing in the language of the Rehabilitation Act of 1973 ... which precludes state court jurisdiction over claims arising thereunder.")); *Shields v. City of Shreveport*, 579 So.2d 961, 965–67 (La.1991); *White v. State of California*, 195 Cal.App.3d 452, 240 Cal.Rptr. 732 (Cal.App.3 Dist.1987). Likewise, state and federal courts enjoy concurrent jurisdiction to enforce the IDEA. *Town of Burlington v. Department of Educ. for Com. of Mass.*, 736 F.2d 773, 788–89 (1st Cir.1984), *aff'd*, 471 U.S. 359, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985).

■ In the instant case, the Court looks to the substance and essence of the Complaint and finds the Plaintiffs have purposely omitted reference to the Constitution of the United States, federal laws, and federal stat-

utes through artful pleading. The Court concludes it has original jurisdiction pursuant to 28 U.S.C. 1343(a)(3) because Plaintiffs have alleged a deprivation under color of state laws, statutes, and regulations of rights secured under the Constitution of the United States and by the Rehabilitation Act and IDEA, Acts of Congress providing for equal rights of citizens.

 Nevertheless where the crux of the action rests in the construction and application of state law, the court may remand the entire case, including putative federal claims. *Moore v. DeBiase*, 766 F.Supp. 1311, 1321 (D.N.J.1991); *Holland v. World Omni Leasing, Inc.*, 764 F.Supp. 1442 (N.D.Ala.1991). "If the federal court finds that the federal claim, while plausible, is not really the plaintiff's main mission; that it is only an incident or adjunct of the state claim and that the state claim is the crux of the action," the federal court has discretion to remand all claims in which it finds state law predominates. *Moore*, 766 F.Supp. at 1319 (citing 28 U.S.C.A. § 1441 Commentary (West Supp. 1991)). The court in *Moore* articulated the following factors usable in determining whether a remand of all claims is justified:

"(a) the majority of the claims [are] grounded in state law;

(b) the federal constitutional claims [are] closely related to the state constitutional claims, and;

(c) the federal law claims [are] factually tied to the state law claims."

*Id.; see also Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350, n. 7, 108 S.Ct. 614, 619 n. 7, 98 L.Ed.2d 720 (1988) (In the interests of judicial economy, convenience, fairness, and comity the Court may "relinquish jurisdiction [over a removed case involving supplemental claims] when 'state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought.'") (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725–726, 86 S.Ct. 1130, 1138–1139, 16 L.Ed.2d 218 (1966) (federal court has jurisdiction over an entire action, including state law claims, whenever the federal and state claims "derive from a common nucleus of operative fact" and are

"such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.")).

 The factors enunciated in *Carnegie–Mellon* and *Moore* are met in this action. Additionally, remand of the entire case is appropriate to avoid piecemeal litigation. *See Administaff, Inc. v. Kaster*, 799 F.Supp. 685, 690 (W.D.Tx.1992) ("Federal and state claims 'inexorably tied together' are best left together." A partial remand would contravene the principles of judicial economy, convenience and fairness.) (quoting *Martin v. Drummond Coal Co.*, 756 F.Supp. 524, 527 (N.D.Ala.1991)). Because the federal question raised by the Complaint does not preclude remand, because the fifteen state claims substantially predominate over the federal claims, because the claims raise complex issues of state law, because federal and state courts enjoy concurrent jurisdiction over the Rehabilitation Act and the IDEA, and because the Court gives deference to the Plaintiffs' choice of forum, and in the general interests of judicial economy, convenience, fairness and comity, the Court declines to exercise jurisdiction over the case under Title 28 United States Code Section 1367. Accordingly, the Court **GRANTS** Plaintiffs' Motion to Remand the action in its entirety to the Circuit Court of Kanawha County, West Virginia, for all further proceedings.

The Court further **DENIES** as moot all remaining motions.

The Clerk is directed to send a copy of this Order to counsel of record and to the Clerk of the Circuit Court of Kanawha County, West Virginia.