Elizabeth A. MILLER, Plaintiff,

v.

CARELINK HEALTH PLANS, INC., Defendant.

No. Civ.A. 2:99–0966.

United States District Court, S.D. West Virginia, Charleston Division.

Jan. 21, 2000.

Keith Jones, Charleston, WV, Michael W. Carey and Pamela C. Deem, Carey, Scott & Douglas, Charleston, WV, for plaintiff.

Stephen A. Weber, William F. Foster II, and Hannah B. Curry, Kay, Casto & Chaney, Charleston, WV, for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are Plaintiff's motions to remand and for sanctions for improper removal. The Court **GRANTS** these motions, holding Plaintiff's state law causes of action are not preempted by ERISA.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Elizabeth Miller is a registered professional nurse who was employed on July 21, 1997 as a nurse case manager by Defendant Carelink. Carelink is a health maintenance organization ("HMO"), organized and licensed under the West Virginia HMO Act, W.Va.Code §§ 33–25A–1, *et seq.*, which administers ERISA benefit plans. Prior to Miller's employment by Carelink, the HMO had approved as medically necessary "Patient Doe's" purchase of a specialized bed. In late 1997 and early 1998, after Carelink learned Patient Doe had decided to change his coverage to another health care provider, Miller was ordered by her supervisors to write a policy and procedure allowing repossession of certain items of medical equipment, previously purchased as covered items under patients' insurance plans. Miller also was ordered to implement the policy retroactively by informing Patient Doe he would be required to return the specialized bed

to Carelink as a result of changing health care plans. Miller refused to follow these orders. She informed Carelink that doing so would violate substantial public policies of the State of West Virginia governing both HMOs and nurses. Miller was then summoned to a meeting with her supervisors and suspended without pay for a week. On this basis, Miller filed her original Complaint in Kanawha County Circuit Court on March 27, 1998, after which she alleges she was subjected to retaliation and was constructively discharged.[2]

Carelink avers that during the deposition of one of Plaintiff's experts[3] on September 30, 1999 it learned that Plaintiff's claim actually is

> one for the recovery of punitive damages under a State law action to punish Carelink Health Plans, Inc. for its alleged breach of an employee benefit plan on the grounds that the beneficiaries of the plan are precluded from bringing a State law action and seeking such remedies by the preemption of ERISA.

(Notice of Removal ¶ 3.) Carelink alleges removal is both timely and proper because Plaintiff avoided invoking federal question jurisdiction through artful pleading, (*id.* ¶ 1), and Carelink removed this action on October 29, 1999, within 30 days of discovering that Plaintiff's civil action was completely preempted by federal law (*id.*). The case was scheduled for trial in state

---

1. Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* Section 502 of the Act is found at 29 U.S.C. § 1132, Section 514 at 29 U.S.C. § 1144.

2. The Complaint currently states only a state law cause of action for retaliatory discharge; however, Plaintiff intends to amend her complaint to include a state law cause of action for retaliatory constructive discharge. (Mem. of Law in Supp. of Mot. to Remand and Mot. for Sanctions at 4.)

3. Laura D. Cooper, a lawyer and one of Plaintiff's designated experts, testified she had been asked to assist the jury in understanding the overlay of ERISA law and "why it's particularly appropriate in this case for the jury to award punitive damages in light of the egregious conduct of the employer in the pre-

emption of state law under ERISA." (Dep. at 66.) Although this statement is not entirely clear, Cooper further explained, "the patient would be limited to a cause of action that would be brought under the jurisdiction and the terms of [ERISA]. The patient would have no rights to bring causes of action under State law." (*Id.* at 69.) Again, "no matter how egregious the conduct, no matter what the outcome to the patient, no matter how much the patient was harmed … the patient's action would be limited to ERISA." (*Id.* at 70.) Cooper concludes, "So it's important that Elizabeth Miller's courageous stance to attempt to protect the interests and the welfare of the patient in this case be preserved and that the HMO be punished for its behavior because this is such a rare case factually that these opportunities don't often come up." (*Id.* at 71–72.)

court beginning December 13, 1999. Plaintiff now moves to remand and for sanctions for improper removal.

## II. DISCUSSION

### A. Remand for Absence of ERISA Complete Preemption

▬ A defendant may remove any civil action, brought in a state court, "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The party seeking to remove a case to federal court has the burden of establishing federal jurisdiction. *See Mulcahey v. Columbia Organic Chem. Co., Inc.*, 29 F.3d 148, 151 (4th Cir.1994). If federal jurisdiction is doubtful, a remand is necessary. *Id.*

▬ Under the so-called "well-pleaded complaint rule," "a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (citations omitted); *see also Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10–11, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Federal courts may acquire removal jurisdiction where "a right or immunity created by the Constitution or laws of the United States [is] an element, and an essential one, of the plaintiff's cause of action." *Gully v. First National Bank*, 299 U.S. 109, 112, 57 S.Ct. 96, 81 L.Ed. 70 (1936).

▬ Complete preemption is an important exception to the well-pleaded complaint rule because, where Congress completely preempts a particular area, any civil complaint raising this select group of claims is necessarily federal in character. *See Metropolitan*, 481 U.S. at 63–64, 107 S.Ct. 1542. Complete preemption substitutes a federal cause of action for the state claim, making it one which arises under federal law, and conferring removal jurisdiction.[4] While complete preemption is rare, the Supreme Court has held some ERISA claims completely preempt actions brought in state court and so arise under federal law. *See id.* at 65, 107 S.Ct. 1542. Relying on legislative history and Congressional intent,[5] the Supreme Court found actions brought under the civil enforcement provisions of ERISA Section 502(a) arise under laws of the United States, and therefore, provide federal

---

4. Complete preemption which provides removal jurisdiction is distinct from ordinary preemption. Under ordinary preemption, a court (state or federal) must apply the federal substantive law where federal law preempts a state law claim. 14B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure:* Jurisdiction 3d § 3722.1 (1998). Such ordinary preemption is usually pled as a federal defense to a plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and therefore, does not authorize removal to federal court. *Id.* In Section 514, ERISA contains an ordinary preemption provision, which states ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan ...." 29 U.S.C. § 1144(a). This clause has been interpreted broadly, requiring preemption of state law "even if the law is not specifically designed to affect [an ERISA-governed plan], or the effect is only indirect." *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133,

142, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990). However, the Supreme Court has held that ERISA Section 514, ordinary preemption, without more, does not convert a state claim into an action arising under federal law. *See Franchise Tax Board*, 463 U.S. at 25–27, 103 S.Ct. 2841; *see also Metropolitan*, 481 U.S. at 64, 107 S.Ct. 1542. ERISA Section 514 preemption, therefore, does not provide removal jurisdiction. 14B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure:* Jurisdiction 3d § 3722.1 (1998); *see also Warner v. Ford Motor Co.*, 46 F.3d 531 (6th Cir.1995) (analyzing distinctions between ERISA Sections 514 and 502 preemption).

5. The Court determined the language of the jurisdictional subsection of ERISA's civil enforcement provisions closely paralleled the language of Section 301 of the Labor Management Relations Act, the Court's paradigmatic complete preemption situation. *See Metropolitan*, 481 U.S. at 65, 107 S.Ct. 1542.

court removal jurisdiction. *See id.* at 65, 107 S.Ct. 1542. ERISA Section 502(a) actions, however, may be brought only by a plan participant, beneficiary, or fiduciary, or by the Secretary of Labor. *See* 29 U.S.C. § 1132(a).

■ Elizabeth Miller's case for retaliatory suspension and discharge is a state common law cause of action commenced by an employee against her employer. Although the parties do not dispute that her employer Carelink provides services to members of employer-sponsored ERISA plans, Miller is not suing Carelink as a plan participant, beneficiary, or fiduciary. She is suing as a former employee. Therefore, complete ERISA preemption is unavailable to Carelink as a basis for removal to this Court. Accordingly, the Court **GRANTS** Plaintiff's motion to remand this action to the Circuit Court of Kanawha County.

### B. Sanctions for Improper Removal

Plaintiff also seeks an award of sanctions, attorney fees and costs, pursuant to *Rule* 11(c)(1)(A). *See* Fed.R.Civ.P. 11(c)(1)(A). The removal statute, however, is the appropriate vehicle for Plaintiff's request. The statute provides, in pertinent part, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). This Court has previously noted, "[t]he trend among the circuits construing the amended version of § 1447(c) ... is to award attorney fees without reference to a particular state of mind or improper purpose [on the part of the removing party]." *Gibson v. Tinkey,* 822 F.Supp. 347, 349 (S.D.W.Va.1993) (citations omitted). The purpose instead appears to be "to reimburse Plaintiffs who have incurred expenses in attacking improper removals." *See Liebig v. DeJoy,* 814 F.Supp. 1074, 1077 (M.D.Fla.1993). Assessing fees and costs also deters improper removal. *Circle Indus. USA, Inc. v. Parke Constr. Group, Inc.,* 183 F.3d 105, 108 (2d Cir.1999) (explaining improper removal exposes a plaintiff to unnecessary expense to "appear in federal court, prepare motion papers and litigate, merely to get the action returned to the court where the plaintiff initiated it").

■ Defendant Carelink failed to distinguish ordinary Section 514 preemption from Section 502 complete preemption, relying on ERISA Section 514 preemption for removal. (*See* Notice of Removal ¶ 4 (relying on Section 514 preemption, citing 29 U.S.C. § 1144(a)).) The ordinary/complete ERISA preemption distinction is of fairly recent origin, the Supreme Court having addressed the issue in 1987, *Metropolitan,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55, and courts note the Court has "not yet had an opportunity to ... distinguish carefully between ordinary preemption and 'complete preemption.'" *Warner,* 46 F.3d at 534. If Carelink had simply misidentified the nature of ERISA preemption, correctly discerning an ordinary Section 514 preemption defense, but failing to recognize the lack of removal jurisdiction, sanctions might not be in order.

■ As noted above, ERISA Section 514 preemption is broad, preempting any and all state laws that relate to an ERISA plan, and giving the phrase "relate to" its "broad common-sense meaning." *Metropolitan,* 471 U.S. at 739, 105 S.Ct. 2380. Nevertheless, some state laws may have "too tenuous, remote, or peripheral" an effect on a benefit plan to fall within the statute's preemptive force. *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). The Supreme Court has further elucidated the "forbidden connection" created by the statutory "relate to" language. *New York State Conference of Blue Cross Blue Shield v. Travelers Ins. Co.,* 514 U.S. 645, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995). Three types of laws relate to ERISA plans so as to invoke ordinary preemption: 1) laws that "mandate employee benefits structures or their administrations," *id.* at 658, 115 S.Ct. 1671; 2) laws that purport to bind plan administrators to particular choices, or to preclude uniform administra-

tive practice, *id.* at 659–61, 115 S.Ct. 1671; and 3) laws that provide "alternative enforcement mechanisms" by which participants or beneficiaries may obtain benefits under the terms of the plan, *id.* at 658, 115 S.Ct. 1671. *See also Coyne & Delany v. Selman,* 98 F.3d 1457, 1468 (4th Cir.1996).

Although Elizabeth Miller's former employer administers ERISA plans, her state law causes of action in no way interfere with the internal operation of the plan itself, affecting only its decisions as employer. This is well-settled law, easily discerned from the face of the Complaint. Carelink could not, therefore, have relied on Section 514 preemption, as a mistaken source of removal jurisdiction; it is not available in this case.

■ Carelink claims, however, not only that Plaintiff's claims were ERISA-preempted, but further, that Plaintiff engaged in artful pleading, where "[t]he claim, although ostensibly asserted under state law, is in fact misrepresented in order to defeat defendant's right to a federal forum." *Spaulding v. Mingo County Bd. of Educ.,* 897 F.Supp. 284, 288 (S.D.W.Va. 1995) (Haden, C.J.) (citation omitted). "Where the plaintiff seeks to conceal the true federal nature of his claim through artful pleading, the court will look beyond the complaint to determine whether a federal question persists precluding remand." *Id.* (citing *Scott v. Greiner,* 858 F.Supp. 607, 609 n. 1 (S.D.W.Va.1994) (Haden, C.J.). A plaintiff might artfully plead claims to avoid federal jurisdiction where state law claims are completely preempted by federal law. *Id.* (quoting *Ontario v. City of Detroit,* 874 F.2d 332 (6th Cir. 1989)).

Elizabeth Miller's state common law claims for retaliatory suspension and discharge manifest no such trickery or artifice. Plaintiff's expert's mention of ERISA in the course of a deposition, comparing Plaintiff's claims to those which might be brought by a patient—which Plaintiff notably is not—is not "evidence" of the law and in no way alters the causes of action alleged here.[6] Carelink suggests Miller is somehow suing in place of the patients, who are barred from bringing such a suit under ERISA. Miller's allegation is clear, however, that she was suspended and constructively discharged for upholding what she believed were her patients' rights that were being contravened by her employer against the statutes and public policies of the State of West Virginia. Whether the patients have a cause of action under ERISA for Carelink's intended harms to patients, which Miller believed she was preventing, is immaterial to the state law foundation for Miller's claims of retaliation by her employer.

The mere mention of ERISA is wholly insufficient to ground a petition for removal based on preemption. Defendant has failed to recognize, much less to meet, the burden of proving federal jurisdiction in Miller's state law claims. Plaintiff has been forced to litigate this baseless removal action in federal court, rather than gaining resolution on the merits in state court in December 1999, now more than a month past. Therefore, an award of attorney fees and costs is appropriate.

## III. CONCLUSION

The Court **REMANDS** this case to the Circuit Court of Kanawha County, West Virginia for all further proceedings. Pursuant to 28 U.S.C. § 1447(c), Defendant is **ORDERED** to pay Plaintiff's costs and attorney fees. The Plaintiff shall have ten days from the entry of this Memorandum Opinion and Order to submit to the Court an affidavit setting out her reasonable attorney fees and costs associated with this remand action. The Court retains jurisdiction only for the limited consideration of the fee award. The remand is otherwise

---

**6.** Defendant claims the testimony creates a "cause of action" for punitive damages; such damages are rather, of course, a form of relief. West Virginia law does not recognize an independent cause of action for punitive damages. *See Cook v. Heck's, Inc.,* 176 W.Va. 368, 376 n. 3, 342 S.E.2d 453, 461 n. 3 (1986).

fully effective this date for all other purposes. The Circuit Court may proceed at its discretion.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and a certified copy to the Circuit Clerk of Kanawha County.