**Okey Lee NIDA, Administrator of the Estate of Mark David Nida, deceased, Plaintiff,**

v.

**ZARC INTERNATIONAL, INC., et al., Defendants.**

**Civ. A. No. 2:00–0082.**

United States District Court, S.D. West Virginia, Charleston Division.

April 19, 2000.

---

Marvin W. Masters, David L. White, Masters & Taylor, L.C., Charleston, for Plaintiff.

Avrum Levicoff, Brown & Levicoff, P.C., Pittsburgh, PA, Jeffrey K. Phillips, Steptoe & Johnson, Charleston, WV, for Defendants.

### *MEMORANDUM OPINION AND ORDER*

HADEN, Chief Judge.

Pending are Plaintiff's motion to remand and Defendants City of Charleston and the Charleston City Police Department (Municipal Defendants') motion to dismiss. For reasons discussed below, Plaintiff's motion is **GRANTED** and the Municipal Defendants' motion is **DENIED** as moot.

## I. FACTUAL AND PROCEDURAL BACKGROUND

From minimal facts contained in the complaint, it is apparent that Plaintiff's decedent was sprayed by the Charleston police with Cap-stun, or pepper spray, after which he died. The complaint alleges products liability claims against Zarc International, Inc. (Zarc), as the manufactur-

er and distributor of Cap-stun (Count I),[1] breach of implied warranty of fitness for its intended use (Count II), and failure to warn (Count III). Finally, the complaint alleges negligent breach of "common law, statutory and constitutional duties" against the Municipal Defendants (Count IV).

Defendants timely removed this civil action from the Circuit Court of Kanawha County, West Virginia, based on both diversity and federal question jurisdiction. Zarc is a citizen of a state other than West Virginia, (Notice of Removal ¶ 2), while Plaintiff and the Municipal Defendants are West Virginia citizens. Although complete diversity is lacking, Defendants argue the claims against the Municipal Defendants must be dismissed, leaving only diverse parties, Plaintiff and Zarc. Additionally, Defendants assert Plaintiff's claims arise in whole or part under the federal Constitution because those claims are actually 42 U.S.C. § 1983 claims,[2] which are improperly pled.

Plaintiff now moves for remand, arguing his claims against the Municipal Defendants are state common law negligence claims, not arising under federal law. Nor is diversity of citizenship complete because, like the Plaintiff, the Municipal Defendants are West Virginia residents.

## II. DISCUSSION

A defendant may remove any civil action, brought in a state court, "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The burden of establishing federal jurisdiction falls on the party seeking to remove a case to federal court. *See Mulcahey v. Colum-*

bia Organic Chem. Co., Inc., 29 F.3d 148, 151 (4th Cir.1994). If federal jurisdiction is doubtful, a remand is necessary. *Id.*

Under the well-pleaded complaint rule, "a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (citations omitted). The well-pleaded complaint rule is designed to protect the plaintiff from a defendant who would read a federal cause of action into a complaint where none is stated. *Scott v. Greiner*, 858 F.Supp. 607, 609 (S.D.W.Va. 1994) (Haden, C.J.). The rule is designed to allow the plaintiff the right to choose and maintain his forum. *Id.* "A plaintiff alleging facts that would support a claim founded upon either federal or state law is free to confine his claim to one based on state law and proceed in state court." *Spaulding v. Mingo County Bd. of Educ.*, 897 F.Supp. 284, 287 (S.D.W.Va.1995) (Haden, C.J.) (quoting *Vitarroz Corp. v. Borden, Inc.*, 644 F.2d 960, 964 (2d Cir. 1981)). "Arising under" removal is not proper simply because the factual allegations of the complaint *could* have formed the basis for reliance on federal law. Where the facts of a case support both a federal and a state law claim, the "face-of-the-complaint rule" provides that "the party who brings suit is master to decide what law he will rely upon." *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 24, 33 S.Ct. 410, 57 L.Ed. 716 (1913).

Count IV of the Complaint, which runs against the Municipal Defendants, alleges:

32. The defendants City of Charleston, West Virginia, and The Charleston Police Department, at all times material hereto, owed common law, statutory and

---

1. Within Count I it is alleged also that "[f]or the purposes of distributing the product, defendant City was acting as agent, servant and employee of the Zarc defendant;" however, this characterization is not relevant to the discussion at hand.

2. Claims for breach of constitutional rights committed by persons acting under color of state law. Hereafter, "1983 claims."

constitutional duties to the Plaintiff's decedent, and, at the time and place aforesaid, negligently, carelessly and wrongfully breached the same.

33. As a direct and proximate result of the careless and negligent conduct of said defendants, Plaintiff's decedent was killed, by reason of which, Plaintiff was damaged.

(Compl.¶¶ 32, 33.) Defendants argue the reference to breach of "constitutional" duties must reference a federal 1983 claim, which they assert, is improperly pled.[3] Plaintiff denies alleging or attempting to allege a 1983 claim. Rather, Plaintiff notes Count IV alleges the basic elements of a state common law negligence claim: duty, breach, cause in fact, proximate cause, and damages. The Court agrees. Whatever Plaintiff may intend by "constitutional duties," it does not recast a clear allegation of negligence into a 1983 claim.

■ Under both state and federal *Rules of Civil Procedure,* a plaintiff is required to set forth only a "short and plain statement" of the claim. Fed.R.Civ.P. 8(a)(2); W. Va. R. Civ. P. 8(a)(2). "Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading ... are required." Fed.R.Civ.P. 8(e)(1); W. Va. R. Civ. P. 8(e)(1). Under West Virginia rules, "Negligence may also be averred generally." W. Va. R. Civ. P. 9(b). While the federal rules do not contain this specific counsel, no requirement of specificity or particularity is imposed on negligence pleadings. *See* Fed.R.Civ.P. 9(b). Plaintiff's claim in Count IV adequately meets these standards for pleading negligence.

Defendants further propose, however, that Plaintiff can make out no state law negligence cause of action that would not be barred by The Governmental Tort Claims and Insurance Reform Act (the Act), W. Va.Code §§ 29–12A–1, *et seq.*

The Act provides, first, that a political subdivision is immune from liability if a loss or claim results from "any claim or action based on the theory of manufacturer's products liability or breach of warranty or merchantability or fitness for a specific purpose, either express or implied." W. Va.Code § 29–12A–5(a)(15) (1999). Plaintiff's allegations of negligence, however, while apparently stemming from the same incident in which the products liability claims arose are not themselves based on theories of product liability, so as to be barred under this section of the Act. Rather, Plaintiff asserts an active negligence, not a products liability, claim against the Municipal Defendants.

Defendants next argue the Act confers immunity on political subdivisions for the "failure to provide, or the method of providing, police, law enforcement or fire protection." *Id.* They note the immunity conferred by the Act is coextensive with the common law public duty doctrine which precludes any cause of action against a political subdivision for the breach of a general duty to provide, or arising out of the method of providing, police or fire protection to the public as a whole. *See Randall v. Fairmont City Police Dept.,* 186 W.Va. 336, 412 S.E.2d 737 (1991).

■ The West Virginia Supreme Court of Appeals has parsed the phrase "method of providing" police or law enforcement protections. While such methods may involve both the formulation and the implementation of policy regarding provision of these governmental services, liability is not the same for both. *See Beckley v. Crabtree,* 189 W.Va. 94, 428 S.E.2d 317 (1993). If the negligence causing an injury lies in the formulating of policy, the government is immune from liability under the Act. *See id.* 189 W.Va. at 98, 428 S.E.2d at 321. "If, however, an officer or employee acts

---

3. For the record, the West Virginia Constitution also supports a private cause of action where a municipality or local governmental unit causes injury by denying that person rights that are protected by Article III, § 10:

"No person shall be deprived of life, liberty or property, without due process of law, and the judgment of his peers." *See Hutchison v. City of Huntington,* 198 W.Va. 139, 479 S.E.2d 649 (1996).

negligently in carrying out that policy, government liability may exist under the act." *Id.*; *see also Mallamo v. Town of Rivesville*, 197 W.Va. 616, 625, 477 S.E.2d 525, 534 (1996) (same); *Westfall v. City of Dunbar*, 205 W.Va. 246, 517 S.E.2d 479 (1999) (same). Plaintiff alleges negligent actions of the Municipal Defendants in carrying out their police or law enforcement duties caused Plaintiff's decedent's death. Under the Act, such a negligence action may be maintained against the City of Charleston.[4]

## III. CONCLUSION

Having determined that no federal question was pled in this action and that the negligence claim pled may be maintained against the City of Charleston, a West Virginia resident, the Court finds and concludes it lacks removal jurisdiction. Accordingly, the action is **REMANDED** to the Circuit Court of Kanawha County for all further proceedings. The Municipal Defendants' motion to dismiss is **DENIED** as moot.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and a certified copy to the Circuit Clerk of Kanawha County.

---

4. The Municipal Defendants also propose a municipal police department is not a governmental entity capable of being sued. Having found Plaintiff may maintain his negligence action against at least one West Virginia defendant, the Court is deprived of jurisdiction, and does not reach this issue. The Court notes, however, that one case, which Defendants cite, *Randall v. Fairmont City Police Department, supra,* appears to provide a counterexample to their proposition.