**Brian PAXTON, Plaintiff,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant.**

**Civ. A. No. 2:86–0550.**

United States District Court,
S.D. West Virginia,
Charleston Division.

July 1, 1987.

Andrew A. Raptis, Charleston, W.Va., for plaintiff.

Nicholas L. DiVita, Bowles, McDavid, Graff & Love, Charleston, W.Va., for defendant.

## ORDER

HADEN, Chief Judge.

Pending is the Defendant's motion for summary judgment, filed May 5, 1987, and the Defendant's motion to strike, filed May 27, 1987. In consideration of those motions and the responses made thereto by the Plaintiff, explained more fully below, the Defendant's motion for summary judgment is in part granted and in part denied, and the Defendant's motion to strike is granted.

In his complaint, Brian Paxton seeks damages against Allstate Insurance Company because Allstate cancelled Paxton's automobile insurance policy in violation of *W.Va.Code*, § 33–6A–1. Paxton originally purchased insurance with Allstate July 7, 1983. He was married at the time. On August 12, 1983, Paxton received a speeding ticket near Wallback, West Virginia. Paxton in 1985 divorced his wife and sought to have his automobile policy with Allstate changed to reflect him alone as the insured.

The agent for Allstate who had sold Paxton the original policy accomplished the removal of Paxton's former wife from his auto policy by completing an application for a "new" policy. The policy was not actually a new policy, as it was split off the old policy which Paxton and his former wife shared. From the application, however, the policy application appeared to be one for a new policy. The agent who filled out the policy application on Paxton's policy failed to show Paxton's speeding violation in August, 1983. This information was directly requested on the application. Allstate received the policy application, and through routine checking found that Paxton received the speeding ticket. Allstate, on the basis of the speeding ticket and the lack of disclosure on the application, denied Paxton's application for a policy and informed Paxton that he was without insurance.

*W.Va.Code*, § 33–6A–1 prohibits insurers from cancelling auto policy holders who have had policies in effect more than sixty days for reasons other than those specified in that statute. Allstate concedes that the statute does not permit cancellation based upon one speeding violation, and further concedes that the cancellation of Paxton under the circumstances was improper.

Paxton sought the assistance of the agent that filled out the application but the agent refused to help. Paxton further sought the assistance of the West Virginia Insurance Commissioner. Before the Insurance Commissioner, Allstate acknowledged that the cancellation of the policy was improper. Because Allstate was moving the regional processing office responsible for Paxton's policy, reinstatement of Paxton's policy was delayed.

During the period in which Allstate represented to Paxton that his automobile policy would be cancelled and the time when it was reinstated according to Allstate, Paxton secured alternate insurance at a cost of approximately $900.00.

Paxton's complaint contains two counts. Count One claims breach of contract, and Count Two claims that Allstate acted in "bad faith" and demands tort damages. A contract of insurance includes not only those terms expressly contained in the contract, but also those terms implied by law. *Bell v. State Farm Automobile Insurance Co.*, 157 W.Va. 623, 207 S.E.2d 147, 151 (1974). A term implied in this instance is that the insurance company will not cancel the policy after sixty days except for those reasons specified in *W.Va. Code*, § 33–6A–1.

Allstate asserts that since cancellation of Paxton's policy violated *W.Va.Code*, § 33–6A–1, the cancellation was legally ineffective. *W.Va.Code*, § 33–6A–2 provides:

"Any purported cancellation by an insurer of a policy of automobile liability insurance which has been in effect for sixty days and which has been renewed shall be void if such purported cancellation is contrary to section 1 [*W.Va.Code*, § 33–6A–1] of this article."

A person purchasing insurance has a right to expect more than ultimate determination of coverage. Where the insurance company illegally claims a lack of coverage, and ultimately concedes the illegality of its position, it still deprives the insured of peace of mind during the period the company illegally denied coverage. An insured should not have to sue his insurance company to compel it to observe its clear legal obligations. *See Hayseeds, Inc. v. State Farm Fire and Casualty Co.*, 352 S.E.2d 73, 80 (W.Va.1986) (a policyholder who substantially prevails over his insurance carrier in a property damage claim is entitled to an award of attorney's fees).

Paxton is not a lawyer. There is no reason to think he would not take Allstate at its word when it "cancelled" his auto policy. Paxton obtained substitute insurance because of Allstate's refusal to acknowledge coverage. Allstate thus breached its obligation not to cancel the policy for reasons other than those specified in *W.Va. Code*, § 33–6A–1 and to assure Paxton of his clear right to coverage. Allstate's motion for summary judgment as to Paxton's contract claim is denied.

■ A refusal to admit coverage does not give rise to a claim for punitive damages unless accompanied by a malicious intention to injure or defraud. *Hayseeds*, 352 S.E.2d at 80. Even in an insurance context, without the aggravated mental state, the failure to acknowledge coverage is a breach of contract only.

Paxton's claim for relief further raises the issue of whether a violation of *W.Va. Code*, § 33–6A–1 gives rise to a private cause of action. In *Jenkins v. J.C. Penney Casualty Ins. Co.*, 280 S.E.2d 252 (W.Va. 1981), the West Virginia Supreme Court of Appeals determined that there existed a private cause of action in *W.Va. Code*, § 33–11–4(9), which lists unfair claims settlement practices. *W.Va. Code*, § 33–11–6 provides an administrative remedy for violations of Section 33–11–4(9). The remedy provision further provides that the existence of the administrative remedy will not "absolve any person affected by such order or hearing from any other liability, penalty or forfeiture under law." *W.Va. Code*, § 33–11–6(c).

■ Remedies for violation of *W.Va. Code*, § 33–6A–1 are provided for in *W.Va. Code*, § 33–6A–5. That statute provides an administrative remedy, but acknowledges no alternative liability in contrast to *W.Va. Code*, § 33–11–6(c). Where a statute provides a remedy, persons claiming relief under such statute are bound to follow the remedy provided for in that statute. *Guevara v. K-Mart Corp.*, 629 F.Supp. 1189 (S.D.W.Va.1986). The Court concludes that no independent right of action arises from a violation of *W.Va. Code*, § 33–6A–1 as the administrative remedy provided for in the enforcement section does not indicate that any independent, private right of action was intended. Paxton could only assert a tort claim under the *Hayseeds'* "malicious intent to injure or defraud" language.

■ Allstate has produced affidavits evidence explaining its failure to properly acknowledge Paxton's coverage. Paxton has offered his affidavit wherein he relates his feelings regarding Allstate's attitude toward him. The affidavit is the subject of a motion to strike and the Court considering the same determines that Paxton's estimation of Allstate's motives are incompetent to prove the motives of Allstate's employees and agents. Allstate explains it has considered Paxton's application as one for a new policy. The insurance company further explains that it acknowledged its error before the Insurance Commissioner, but was delayed in correcting the error because the Regional Office responsible for the correction was in the process of moving at the time the correction was to be made.

No reasonable trier of fact could infer from these undisputed facts that Allstate or its employees or agents maliciously intended to injure or defraud Paxton. Allstate's liability is governed by contract and not by tort law. Allstate's motion for summary judgment as to Count Two is granted.