359 S.E.2d 624

**Howard R. SMITH and Velva Smith**

v.

**Fred A. PERRY and National Waterproofing, Inc.**

**No. 17127.**

Supreme Court of Appeals of West Virginia.

July 23, 1987.

---

Lawrence W. Burdette, Jr., Charleston, for appellant.

Anita R. Casey, Meyer, Darragh, Buckler, Bebenek & Eck, Charleston, for appellee.

PER CURIAM:

The plaintiffs, Howard R. and Velva Smith, appeal from an order of the Circuit Court of Kanawha County entered July 3, 1985, which set aside the jury's award of punitive damages in their automobile accident case. They assign as error the trial court's finding that there was insufficient evidence to warrant an award of punitive damages.

Early in the morning on February 19, 1983, on a secondary road in Kanawha County, an automobile driven by Fred A. Perry collided with one driven by Howard R. Smith. The collision resulted in property damage to Mr. Smith's automobile and extensive personal injuries to Velva Smith, his wife who was a passenger.

At trial, Mr. Smith testified that the collision occurred a few minutes after he saw the Perry vehicle moving toward him over the center line into his lane of travel. Mr. Smith estimated the Perry vehicle's rate of speed to be at sixty to seventy miles per hour. Two eyewitnesses testified that they were in their automobiles behind the Smith vehicle. They saw Mr. Perry's vehicle pull out as if to pass a truck in a no-passing zone while traveling at a high rate of speed in a forty-miles-per-hour zone.

Corporal Michael Rutherford of the Kanawha County Sheriff's Department, who investigated the accident, testified there was an odor of alcohol in Mr. Perry's car. He stated that during his investigation, Mr. Perry admitted that he had been up late the night before partying and drinking alcoholic beverages. He admitted to Corporal Rutherford that he had taken a nap in his car beside the road prior to the accident. Corporal Rutherford also testified that Mr. Perry pled guilty in magistrate court to reckless driving charges arising from the accident.

Steve Boland, a paramedic who attended to Mr. Perry at the scene and transported him to the hospital, as well as the hospital emergency room nurse, Susan White, both testified that Mr. Perry had the odor of alcohol on his breath.

Mr. Perry, who was called as an adverse witness in the plaintiffs' case, testified that he was not speeding, that he had imbibed alcohol early in the evening prior to the accident, but that he had slept a full eight hours prior to the accident. He admitted that he had pled guilty to reckless driving.

At the close of the plaintiffs' case, Mr. Perry admitted liability for the accident and no defense testimony was offered. The jury awarded compensatory and punitive damages, but the trial court set aside the punitive award based on the jury's response to a special interrogatory propounded by the court.[1]

■ We made an extensive review of the law surrounding punitive damages in *Wells*

*v. Smith,* 171 W.Va. 97, 297 S.E.2d 872 (1982), and concluded in Syllabus Point 1:

" 'In actions of tort, where gross fraud, malice, oppression, or wanton, willful, or reckless conduct or criminal indifference to civil obligations affecting the rights of others appear, or where legislative enactment authorizes it, the jury may assess exemplary, punitive or vindictive damages....' Syllabus Point 4, in part, *Mayer v. Frobe,* 40 W.Va. 246, 22 S.E. 58 (1895)."

*See also Painter v. Raines Lincoln Mercury, Inc.,* 174 W.Va. 115, 323 S.E.2d 596 (1984); *Perry v. Melton,* 171 W.Va. 397, 299 S.E.2d 8 (1982); *Bond v. City of Huntington,* 166 W.Va. 581, 276 S.E.2d 539 (1981); *Addair v. Huffman,* 156 W.Va. 592, 195 S.E.2d 739 (1973). *See generally* J. Ghiardi & J. Kircher, Punitive Damages Law and Procedure § 5 (1984).

■ In the present case, the trial court utilized a special interrogatory to, in effect, impeach that portion of the jury's verdict awarding punitive damages. Under Rule 49(b) of the West Virginia Rules of Civil Procedure (R.C.P.), where a special interrogatory or verdict is inconsistent with the general verdict, the trial court may direct an entry of judgment.[2]

■ While we recognized in *Carper v. Kanawha Banking & Trust Co.,* 157 W.Va. 477, 207 S.E.2d 897 (1974), that Rule 49, R.C.P., permitted the use of special interrogatories, we cautioned in Syllabus Point 16:

general verdict and the answers are harmonious, the court shall direct the entry of the appropriate judgment upon the verdict and answers. When the answers are consistent with each other but one or more is inconsistent with the general verdict, the court may direct the entry of judgment in accordance with the answers, notwithstanding the general verdict or may return the jury for further consideration of its answers and verdict or may order a new trial. When the answers are inconsistent with each other and one or more is likewise inconsistent with the general verdict, the court shall not direct the entry of judgment but may return the jury for further consideration of its answers and verdict or may order a new trial."

---

1. No punitive damages were awarded against the defendant National Waterproofing, Inc., the employer of Mr. Perry. Consequently, it is not a party to this appeal.

2. Rule 49(b), R.C.P., provides:
   "*General verdict accompanied by answer to interrogatories.*—The court may submit to the jury, together with appropriate forms for a general verdict, written interrogatories upon one or more issues of fact the decision of which is necessary to a verdict. The court shall give such explanation or instruction as may be necessary to enable the jury both to make answers to the interrogatories and to render a general verdict, and the court shall direct the jury both to make written answers and to render a general verdict. When the

"Where not required by statute, special interrogatories in aid of a general verdict should be used cautiously and only to clarify rather than to obfuscate the issues involved."

We believe the trial court's special interrogatory was improperly drawn since it singled out only one area of testimony, that of the husband, who estimated the speed of the defendant's vehicle to be sixty to seventy miles per hour. It asked the jury to answer yes or no to this question: "Was the plaintiff Howard R. Smith who testified as a witness in this case actually able to determine the speed of the defendant Fred A. Perry's car before the occurrence of the accident herein."

Plaintiffs' counsel objected to this interrogatory and pointed out to the trial court that there was other evidence besides speed which would sustain a claim for punitive damages. He pointed to the testimony of the investigating officer, the paramedic, and the emergency room nurse who testified about the smell of alcohol on the defendant and in his car. Other witnesses, as well as the plaintiff, Mr. Smith, testified as to the defendant's crossing the center line in a no-passing zone and traveling at a high rate of speed. The defendant admitted to the investigating officer at the scene that he had been drinking the night before the accident and had had little sleep. He also admitted to pleading guilty to reckless driving as a result of the accident.

We find there was sufficient evidence to support the general verdict which awarded punitive damages. The trial court's utilization of an improper special interrogatory should not have resulted in overturning the punitive damage verdict.

Accordingly, we reverse the judgment order of the Circuit Court of Kanawha County, insofar as it precluded the collection of punitive damages from Fred A. Perry, and we remand the case for reinstatement of the punitive damage award.

Reversed and Remanded.