Gaylord WHITE, Administrator of the Estate of Etta P. White, deceased, Plaintiff,

v.

J.C. PENNEY LIFE INSURANCE COMPANY, Defendant.

Civ. A. No. 1:94–0435.

United States District Court, S.D. West Virginia, Bluefield Division.

Aug. 23, 1994.

Rebecca L. Stepto, Princeton, WV, for plaintiff.

Mark S. Brennan, Richmond, VA, for defendant.

## MEMORANDUM OPINION AND ORDER

FABER, District Judge.

Pending before the court is plaintiff's Motion to Remand which requests that this case be returned to the Circuit Court of Mercer County, West Virginia, where it was originally filed. Plaintiff contends that the amount in controversy is less than the $50,000 threshold necessary to support federal jurisdiction. The court's resolution of this issue is complicated somewhat by the fact that the *ad damnum* clause in the Complaint does not seek judgment in a specific dollar amount.

The defendant removed this case from state court alleging that citizenship of the parties is diverse and the amount in controversy exceeds $50,000. Plaintiff is a citizen and resident of West Virginia, while defendant is a Vermont corporation with its principal place of business in Texas. The only issue before the court on the present motion is the disagreement as to the amount in controversy.

Plaintiff's decedent, Etta P. White, obtained from defendant in 1991 an accidental death and dismemberment insurance policy with a maximum death benefit of $40,000.

On October 23, 1992, Ms. White fell at her home. Ten minutes after the fall, she went into cardiac arrest and died later that day. The plaintiff contends that her death was a proximate result of the fall, entitling the plaintiff to recover under the policy. The defendant, however, has denied coverage, maintaining that the fall was not a contributing cause of Ms. White's death.

While plaintiff's Complaint does not contain a demand for damages in a total or specific dollar amount, plaintiff seeks to recover the $40,000 maximum death benefit payable under the policy. In addition, plaintiff pursues punitive damages for defendant's alleged intentional, wilful, and malicious breach of the covenant of good faith and fair dealing attendant to the insurance contract, contending that defendant's failure to pay was done with full knowledge that its actions were in violation of the terms and conditions of the agreement. Plaintiff also requests attorneys fees, prejudgment interest and costs.

The fountainhead case on the determination of amount in controversy for purposes of federal jurisdiction is *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). In that case, the Supreme Court said:

The rule governing dismissal for want of jurisdiction in cases brought in the federal courts is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify the dismissal.

*Id.* at 288, 58 S.Ct. at 590.

The defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead a specific dollar amount in controversy. *Kennard v. Harris Corp.*, 728 F.Supp. 453 (E.D.Mich.1989). The rule could hardly be otherwise. For if it were, any plaintiff could avoid removal simply by declining, as the plaintiff has done here, to place a specific dollar value upon its claim.

■ When the amount of damages a plaintiff seeks is unclear, the courts often require the defendant to prove to a legal certainty that plaintiff's claim meets the requisite jurisdictional amount. This principle stems from *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936), and has been applied in recent cases such as *Gaus v. Miles, Inc.,* 980 F.2d 564 (9th Cir.1992), and *Marler v. Amoco Oil Co.,* 793 F.Supp. 656 (E.D.N.C.1992). It seems clear, in such circumstances, that the court may look to the entire record before it and make an independent evaluation as to whether or not the jurisdictional amount is in issue. 14A CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, *FEDERAL PRACTICE AND PROCEDURE,* § 3725 at 423–24 (1985). Thus, the court may consider, in addition to plaintiff's Complaint, the removal petition and an affidavit filed by the defendant, both of which assert that the $50,000 threshold amount is present.

The court is not unmindful of authorities which point out that the removal statute is to be construed strictly against removal, and the defendant, in a case such as this, has the burden of proving facts to support the required jurisdictional amount. These principles are not inconsistent with the "reasonable certainty" rule of the *St. Paul Mercury* case, *supra.* The removing defendant always has the burden of demonstrating that the jurisdictional amount is present. Where the plaintiff demands a specific dollar figure in excess of that amount, however, defendant's burden is easily satisfied by the allegations of plaintiff's Complaint. *Pachinger v. MGM Grand Hotel Las Vegas, Inc.,* 802 F.2d 362, 363 (9th Cir.1986).

■ The court, in applying these principles, is not required to leave its common sense behind. In this case, common sense applied to the allegations of the Complaint compels the court to conclude that the amount in controversy exceeds $50,000. We start with the maximum death benefit under the policy—the specific figure of $40,000 claimed as an item of damage by the plaintiff. To this $40,000 is added plaintiff's claim for punitive damages. The law makes clear that

a good faith claim for punitive damages may augment compensatory damages in determining the amount in controversy unless it can be said to a legal certainty that plaintiff cannot recover punitive damages in the action. *Bell v. Preferred Life Assurance Society,* 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15 (1943). If relevant state law permits punitive damages on the facts alleged, such punitive damages are part of the amount in controversy for jurisdictional amount purposes.

■ West Virginia state law supports an award of punitive damages to an insured in an action where the insured's failure to honor a claim involves a malicious intention to injure or defraud. *Hayseed's, Inc. v. State Farm Fire and Casualty,* 177 W.Va. 323, 352 S.E.2d 73 (1986); *Paxton v. Allstate Ins. Co.,* 663 F.Supp. 99 (S.D.W.Va.1987). A plaintiff must carry a heavy burden of proof to obtain punitive damages in such a case, but the plaintiff here has properly pleaded such a claim and placed its right to punitive damages in controversy. Accordingly, plaintiff's claim for punitive damages can be added to the $40,000 claim for compensatory damages in determining whether or not the jurisdictional amount of $50,000 is present. To this court, it is obvious that the plaintiff is seeking a punitive damage award in excess of the additional $10,000 necessary to arrive at the requisite figure of $50,000 for jurisdictional purposes. If the plaintiff is successful on this claim, West Virginia law would support an award of punitive damages in excess of $10,000. Courts in West Virginia have upheld punitive damages awards substantially in excess of compensatory damages recovered in the same case. *See, TXO Production Corp. v. Alliance Resources Group,* 187 W.Va. 457, 419 S.E.2d 870 (1992), *aff'd,* —— U.S. ——, 113 S.Ct. 2711, 125 L.Ed.2d 366 (1993); *Hinerman v. Daily Gazette Co., Inc.,* 188 W.Va. 157, 423 S.E.2d 560 (1992). On the basis of this precedent, this court is confident that plaintiff will, upon trial of this action, whether in state or federal court, seek to establish total compensatory and punitive damages well in excess of the $50,000 jurisdictional amount. It is only necessary to consider the punitive damage claim added to the $40,000 unpaid death benefit under the

policy to reach this conclusion. Accordingly, the court finds it unnecessary to consider whether the other items of damages referred to in plaintiff's Complaint, such as attorneys fees and prejudgment interest, may also be considered.

This case is similar to *Sharp Electronics Corp. v. Copy Plus, Inc.*, 939 F.2d 513 (7th Cir.1991). There, Copy Plus, a distributor of electronic products, sued in Wisconsin state court its manufacturer and supplier, Sharp, for breach of contract and added a claim for punitive damages for fraudulent misrepresentation. The complaint asked for $15,000 in compensatory damages, and additional damages in an unspecified amount for loss of customer goodwill, punitive damages and attorneys fees. Sharp filed a separate action in federal court to stay the state action and to compel arbitration under the distributor agreement. The District Court dismissed the federal case holding that the $50,000 jurisdictional amount was absent. The United States Court of Appeals for the Seventh Circuit reversed, holding that, since punitive damages may be awarded for fraudulent misrepresentation under Wisconsin law, it was clear that Copy Plus could potentially recover punitive damages under the allegations of the complaint. The punitive damages claim in an unspecified amount, coupled with the $15,000 breach of contract claim, were deemed sufficient to satisfy the $50,000 amount in controversy necessary to support federal jurisdiction.

The court therefore concludes that any realistic assessment of the record establishes the jurisdictional amount of $50,000 exclusive of interest and costs to be present, and that defendant's burden of proving jurisdiction is met. Plaintiff's Motion to Remand is, accordingly, **DENIED**.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to counsel of record.

IT IS **SO ORDERED**.