Gregory B. CHIARTAS, Plaintiff,

v.

BAVARIAN MOTOR WORKS, AG, et al., Defendants.

No. Civ.A. 2:00–0499.

United States District Court, S.D. West Virginia, Charleston Division.

Aug. 3, 2000.

Gregory B. Chiartas, Freman & Chiartas, Charleston, WV, for plaintiff.

David B. Thomas, Philip J. Combs, Allen, Guthrie & McHugh, Charleston, WV, for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is Plaintiff's motion to remand.[1] The Court **DENIES** the motion.

## I. FACTUAL BACKGROUND

Plaintiff Gregory B. Chiartas instituted this action on May 5, 2000. He purports to represent himself, *pro se*, and a putative class of over 4000 similarly situated persons. He alleges, *inter alia*, fraud and violations of the West Virginia Consumer Protection Act.

In sum, Chiartas claims Defendants "substantially shortened [the] model year" on a year 2000 BMW X5 4.4I he, and presumably thousands of other consumers, purchased in January 2000. He seeks restitution, compensatory and punitive damages, attorney fees, and injunctive relief.

Defendants removed on June 14, 2000 on diversity grounds. Chiartas moved to remand on June 27, 2000. His remand motion asserts (1) the relevant amount in controversy relates only to his individual claim for relief, as certification has not yet occurred; (2) he will stipulate his individual claim does not exceed $75,000.00, exclusive of interests and costs; and (3) remand is appropriate.

Defendants' response asserts (1) the jurisdictional minimum is satisfied; (2) Chiartas' attempted stipulation is incomplete, because it does not apply to any sums sought for attorney fees or the costs of the injunctive relief; and (3) Chiartas' failure to make a class stipulation akin to his proposed individual stipulation prevents remand pursuant to *Adkins v. Gibson*, 906 F.Supp. 345, 348 (S.D.W.Va.1995) and *Yoxtheimer v. Dairyland Insurance Co.*, No. 2:97–0901, 1997 WL 728110 (S.D.W.Va. Nov.17, 1997).[2]

Following Defendants' response, Chiartas entered Defendants' additional, suggested stipulations and formally asserted (1) his individual claim "does not exceed the amount of $75,000.00 in total, including recovery of attorneys fees, costs, and any and all equitable relief requested[,]" (Pl.'s Reply, ex. A at 1); (2) the class members' claims were similarly limited, "insofar as [he] can bind the individual class members . . . .", (*id.*); and (3) removal is premature, as class certification has not been granted.

Undaunted, Defendants now assert the individual amounts of punitive damages and attorney fees recoverable should be aggregated to satisfy the jurisdictional minimum. While the Court does not find exercise of jurisdiction appropriate on aggregation grounds, remand is inappropriate for other reasons discussed *infra*.

## II. DISCUSSION

At the outset, the Court finds Chiartas' written stipulation purporting to limit the

---

1. Defendants also each moved to dismiss. Plaintiff moved for an extension to respond to the motions. Plaintiff previously received a generous extension for the same response. The Court, very reluctantly, however, will permit Plaintiff to respond to the motions to dismiss no later than August 10, 2000.

2. *Yoxtheimer* is an unpublished decision lacking any precedential weight. Accordingly, any inconsistency between this case and *Yoxtheimer* is of no moment.

recovery of potential class members wholly specious.[3] The analysis for resolving the issues, then, is twofold. First, the Court examines whether any potential class member satisfies the jurisdictional minimum. If so, the Court must determine whether it can then exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the remaining class members whose claims may fall short of $75,-000.00.

## A. Satisfaction of the Amount in Controversy Requirement

It is well settled the party seeking to remove a case to federal court has the burden of establishing federal jurisdiction. *See Mulcahey v. Columbia Organic Chem. Co., Inc.,* 29 F.3d 148, 151 (4th Cir.1994). The standard of review, however, is less settled, especially in this District, where a plaintiff's complaint does not plead a specific amount in the *ad damnum* clause:

> Neither the Supreme Court nor the Fourth Circuit has adopted a specific standard against which a defendant's attempt to prove the required amount in controversy for a removal motion will be weighed when the plaintiff does not provide a specific damage amount in his complaint. In the Southern District of West Virginia, a difference of opinion exists among the various judges over the appropriate standard in such cases. One district judge stated that the defendant must prove to a "legal certainty" that the amount in controversy meets the jurisdictional requirement. Others have required that the defendant show by a "preponderance of the evidence" that the disputed amount exceeds the jurisdictional minimum. Another district judge appears to employ the "reverse legal certainty" test in which a defendant must demonstrate that it is not a legal certainty that the claim is for less than the jurisdictional amount.

*Sayre v. Potts,* 32 F.Supp.2d 881, 884–85 (S.D.W.Va.1999) (footnotes and citations omitted).

Chiartas alleges a fraud claim and seeks punitive damages. The Court thus finds helpful the analysis contained in *Weddington v. Ford Motor Credit Co.,* 59 F.Supp.2d 578, 584 (S.D.W.Va.1999):

> West Virginia law generally permits an award of punitive damages in a case involving fraud. Accordingly, Plaintiffs' claim for punitive damages must be added to their claim for compensatory damages in determining subject matter jurisdiction. If in this case Plaintiffs are awarded punitive damages it is easy for the Court to fathom that the amount recovered could very well surpass the $75,000 jurisdictional requirement, especially in light of various West Virginia courts that have let stand awards of punitive damages that far exceed the compensatory damages to be recovered in a case. Using this rationale, the Court finds by a preponderance of the evidence that Plaintiffs' claims for damages can more than likely exceed the jurisdictional want for subject matter jurisdiction.

*Id.* at 584. The Court believes the same result obtains here under any of the several tests currently used in the District for resolving amount in controversy disputes. There is no difficulty finding at least one of the numerous class members satisfies the jurisdictional minimum.

## B. The Interaction of Zahn and 28 U.S.C. § 1367

The amount in controversy finding raises a second, more difficult question: Does 28 U.S.C. § 1367, the supplemental jurisdiction statute, permit exercise of jurisdiction over all class members in diversity class actions where at least one class member meets the jurisdictional minimum? Nearly three decades ago, the Su-

---

**3.** Chiartas himself recognizes the stipulation's infirmity. He states "Before class counsel is able to stipulate on behalf of all members of the nationwide class, there must be an Order granting class certification and appointing class counsel." (Pl.'s Reply at 5.)

preme Court said no in *Zahn v. Int'l Paper Co.*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973). *Zahn* held each class member must satisfy the jurisdictional amount requirement independently. *Zahn*, 414 U.S. at 301, 94 S.Ct. 505. Uncertainty resurfaced in 1990, however, with the enactment of § 1367. Subsection (a) provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). The interaction between *Zahn* and § 1367 has been the subject of substantial debate, a debate that very recently evenly divided the Supreme Court. *Compare In re Abbott Laboratories v. Abbott Labs.*, 51 F.3d 524, 527–29 (5th Cir.1995) (finding § 1367 legislatively overruled *Zahn*, thereby permitting district courts to exercise supplemental jurisdiction over class members whose claims do not meet the jurisdictional amount), *aff'd by equally divided court*, — U.S. ——, 120 S.Ct. 1578, 146 L.Ed.2d 306 (2000), *with Leonhardt v. Western Sugar Co.*, 160 F.3d 631, 640–41 (10th Cir.1998) (holding § 1367 did not overrule *Zahn* in class actions).

Exceptions to the broad language contained in § 1367(a) are noted in § 1367(b). No exception applies, however, where additional plaintiffs are joined pursuant to Rule 23, the rule governing class actions. The unambiguous terms of § 1367 thus permit exercise of supplemental jurisdiction over the claims of class members who do not meet the jurisdictional minimum, as long as one fellow class member satisfies the amount in controversy requirement.[4]

While neither our Court of Appeals nor cases from this District have confronted the issue, a minority of district courts, and at least two circuit courts of appeal, believe Congress legislatively overruled *Zahn*. See, e.g., *Stromberg Metal Works, Inc. v. Press Mech., Inc.*, 77 F.3d 928, 931 (7th Cir.1996). This Court agrees, and today holds § 1367 abrogates *Zahn* to the extent the latter is inconsistent with the statute.

Regarding the instant case, the claims are sufficiently related to each other such that they form part of the same case or controversy under Article III of the United States Constitution. After considering the applicable factors, the Court thus exercises supplemental jurisdiction over all claims that may not satisfy the jurisdictional minimum. Accordingly, Plaintiff's motion to remand is **DENIED**.

The Clerk is directed to send a copy of this Memorandum Opinion and Order via facsimile and mail to counsel of record.

---

4. The Court notes the controversy surrounding the legislative history of § 1367. It suggests Congress did not intend to permit supplemental jurisdiction in diversity class actions. Nonetheless, the Court cannot ignore the plain language of the statute in favor of contrary legislative intent. *See Sayre*, 32 F.Supp.2d at 889 (S.D.W.Va.1999) ("Because the plain language of Section 1367 is unambiguous and the legislative intent unclear, this Court must assume that 'Congress said what it meant and meant what it said.'") (quoted authority omitted). Congress alone, not this Court, is charged with amending statutory law.