**Miachel HICKS and Brenda Hicks, Plaintiffs,**

v.

**Charles Nugent HERBERT, Jr., Defendant.**

**No. CIV. A. 5:00–0448.**

United States District Court, S.D. West Virginia, Beckley Division.

Aug. 17, 2000.

Philip J. Combs, Allen, Guthrie & McHugh, Charleston, W.Va., for Plaintiffs.

Brent K. Kesner, Sabrena A. Olive, Kesner, Kesner & Bramble, Charleston, W.Va., for Defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are Plaintiffs' motions to remand and to stay this action until the Court rules on the remand motion. The Court **DENIES** the motion to remand. The motion to stay is **DENIED** as moot.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This civil action, originally filed in the Circuit Court of Raleigh County, West Virginia concerns an automobile accident in that county on May 5, 1998 in which Plaintiff Miachel Hicks was injured. His wife claims loss of consortium. The Hickses are West Virginia residents; Herbert is a Virginia resident. The *ad damnum* clause of the complaint demands "compensatory and punitive damages in the sum of $70,-000" as well as "[s]uch other and further relief as may be just and proper." Defendants removed based on diversity jurisdiction. Plaintiffs moved for remand, arguing the amount in controversy does not exceed the statutory requirement of $75,000. Plaintiffs also offer to certify to the Court, pursuant to *Adkins v. Gibson*, 906 F.Supp.

345 (S.D.W.Va.1995) (Haden, C.J.), that the amount in controversy does not exceed the jurisdictional threshold.

## II. DISCUSSION

District courts have original jurisdiction of all "civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Defendants may remove any case of which the district courts have original jurisdiction. 28 U.S.C. § 1441(a). Removal statutes must be construed strictly against removal. *See Mulcahey v. Columbia Organic Chem. Co., Inc.,* 29 F.3d 148, 151 (4th Cir.1994). The party seeking to remove a case to federal court has the burden of establishing federal jurisdiction. *See id.* If federal jurisdiction is doubtful, a remand is necessary. *See id.*

A respected commentary states, "the [preferred] practice is to treat the amount requested by the plaintiff in the state court as the amount in controversy." 14C Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction 3d* § 3725 at 98 (1998). However, the treatise notes this result is fully satisfactory only in states where recovery is not limited to the amount demanded. *Id.* In West Virginia, a plaintiff is not bound by the *ad damnum* clause and may seek to amend it after final judgment to conform to the evidence. *See Adkins,* 906 F.Supp. at 348.

This Court has previously found that a request for punitive damages, where properly recoverable, inevitably inflates a plaintiff's potential recovery. *See Chiartas v. Bavarian Motor Works, AG,* 106 F.Supp.2d 872 (S.D.W.Va.2000) (citing *Weddington v. Ford Motor Credit Co.,* 59 F.Supp.2d 578, 584 (S.D.W.Va.1999)); *see also Cline v. Matney,* 20 F.Supp.2d 977 (S.D.W.Va.1998). A good faith claim for punitive damages may augment compensatory damages in determining the amount in controversy unless it can be said to a legal certainty that plaintiff cannot recover punitive damages in the action. *See White v. J.C. Penney Life Ins. Co.,* 861 F.Supp. 25, 27 (S.D.W.Va.1994) (citing *Bell v. Preferred Life Assurance Soc'y,* 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15 (1943)).

Under West Virginia law, punitive damages are recoverable in tort actions, "where gross fraud, malice, oppression, or wanton, willful, or reckless conduct or criminal indifference to civil obligations affecting the rights of others appear[.]" *Smith v. Perry,* syl. pt. 1, 178 W.Va. 395, 397, 359 S.E.2d 624, 625 (1987). West Virginia courts have upheld punitive damage awards substantially in excess of compensatory damages recovered. *See TXO Prod. Corp. v. Alliance Resources Corp.,* 187 W.Va. 457, 419 S.E.2d 870 (1992), aff'd, 509 U.S. 443, 113 S.Ct. 2711, 125 L.Ed.2d 366 (1993). Plaintiffs' complaint alleges Defendant acted in reckless disregard for the safety and lives of others. (*See* Compl. ¶¶ 8, 10.) Thus, punitive damages, presumably asserted in good faith, are potentially recoverable in this action.

Plaintiffs' attempted certification of the amount in controversy based on *Adkins* is also unavailing. In *Adkins,* the Court ultimately relied upon plaintiff's binding representation to the Court that the amount in controversy was less than the jurisdictional limit. 906 F.Supp. at 348. However, in *Adkins* the plaintiff did not seek punitive damages. As the Court has since adjudged, a claim for punitive damages distinguishes a case from *Adkins,* and alters the amount in controversy calculation. *See Cline,* 20 F.Supp.2d at 979.

Additionally, because under West Virginia law Plaintiffs' recovery is theoretically unlimited, only a binding stipulation that they would not seek nor accept more than $75,000 could limit the potential recovery. Some authority additionally suggests such a waiver must be truly binding on the plaintiff in state court before it will prevent removal. *See* Wright & Miller, *su-*

*pra,* § 3725 at 87. At any rate, no such binding waiver is offered here.

## III. CONCLUSION

Accordingly, the Court **DENIES** Plaintiffs' motion for remand. The motion to stay is **DENIED** as moot.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and to publish it on the Court's website, http://www.wvsd.uscourts.gov