**Odie L. REVEAL, et al., Plaintiffs,**

v.

**Douglas N. STINSON, et al., Defendants.**

**No. Civ.A. 2:00–0467.**

United States District Court,
S.D. West Virginia,
Charleston Division.

Sept. 22, 2000.

Vincent J. King, Charleston, WV, for plaintiffs.

Michael J. Del Guidice, Ciccarello & Del Guidice, Charleston, WV, for defendant Stinson Financial Services.

R. Vance Golden, III, Parkersburg, WV, for defendant Trustcorp Mortgage Co., Inc.

Gerald J. Nielsen, Neilsen Law Firm, Metairie, LA, John R. Hoblitzell, Kay, Casto & Chaney, PLLC, Charleston, WV, for defendant Whitman Insurance Agency, Inc.

James R. Watson, Charles N. McCreery, II, Steptoe & Johnson, Charleston, WV, for defendant Bonnie Young Realty, Inc.

## MEMORANDUM OPINION AND REMAND ORDER

HADEN, Chief Judge.

Pending is Plaintiffs' motion to remand.[1] The Court **GRANTS** the motion.

## I. FACTUAL BACKGROUND

On April 20, 2000 Plaintiffs Odie L. Reveal and Carrie Reveal instituted this action in the Circuit Court of Kanawha County. They allege purely state law claims arising out of a home they purchased in Charleston in August 1994.

The home was located in a flood hazard area. Consequently, Plaintiffs at the time of purchase obtained flood insurance from Whitman Insurance Agency, Inc., an agent of Allstate Insurance Company. The insurance was issued in the form of a Standard Flood Insurance Policy pursuant to the National Flood Insurance Program, 42 U.S.C. §§ 4001, *et seq.* Whitman and co-Defendants Douglas N. Stinson, Trustcorp Mortgage Co., and Bonnie Young Realty, Incorporated assured the Reveals the home could be properly insured and protected in case of a flood.

The home flooded on two occasions and Allstate provided coverage. In February 2000, however, a third flood occurred and damaged the lowest floor of the home. Allstate, which is not a party, greatly limited coverage for the lowest floor when the third flood claim was presented. Allstate further asserted it might be entitled to repayment of the coverage paid the Reveals for the first two floods.

The Reveals assert that if they had been properly apprised in August 1994 of the home's limited insurability, they would not have purchased the home. They charge Stinson, Trustcorp, Whitman and Bonnie Young with negligence. On June 2, 2000 Whitman, with the consent of the other Defendants, seasonably removed.

---

1. Defendant Bonnie Young Realty, Incorporated also moves to dismiss. Given remand, the Court does not reach the dispositive motion.

## II. DISCUSSION

Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them[.]" *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); *Spann v. Martin*, 963 F.2d 663, 673 (4th Cir.1992) (noting that a "court has a duty to decide cases within its jurisdiction"). In keeping with this settled principle, the Court has recently demonstrated several times it stands ready to exercise the Congressional grant of removal jurisdiction. *Hicks v. Herbert*, 2000 WL 123139 (S.D.W.Va. Aug. 17, 2000); *Chiartas v. Bavarian Motor Works, AG*, 106 F.Supp.2d 872 (S.D.W.Va.2000); *Caperton v. A.T. Massey Coal Co., Inc.*, 251 B.R. 322 (S.D.W.Va.2000). Nonetheless, being a tribunal of limited jurisdiction, the Court must examine carefully whether it is vested with Congressional authority to adjudicate the subject matter.

There are two conceivable bases for removal here: (1) the complete preemption doctrine; and (2) the artful pleading doctrine. Defendants wisely eschew reliance on the first ground. (*See* Resp.Memo. at 2.) As the court of appeals has observed, the Supreme Court has permitted complete preemption only in a very narrow class of cases. *Rosciszewski v. Arete Associates, Inc.*, 1 F.3d 225, 231 n. 4 (4th Cir.1993) ("The Supreme Court has found complete preemption in only a few situations—for example, claims alleging a breach of a collective bargaining agreement that fall under § 301 of the Labor Management Relations Act and claims for benefits or enforcement of rights under the Employee Retirement Income Security Act (ERISA).") (citations omitted). In the seven years since *Arete*, the complete preemption doctrine has not been extended in any substantial degree. *See El Paso Natural Gas Co. v. Neztsosie*, 526 U.S. 473, 485 n. 6, 119 S.Ct. 1430, 143 L.Ed.2d 635 (1999) ("We have found complete preemp-

tion to exist under the Labor–Management Relations Act and the Employee Retirement Income Security Act of 1974."); *Miller v. Carelink Health Plans, Inc.*, 82 F.Supp.2d 574, 577 (S.D.W.Va.2000) ("complete preemption is rare").

Application of the second ground, the artful pleading doctrine, is a closer question. The doctrine, like the complete-preemption doctrine, is an exception to the well-pleaded complaint rule:

> It often is said in the context of a dispute about removability that the state-court plaintiff is the master of his claim, which means that if he chooses not to assert a federal claim . . . the defendant cannot remove the action to federal court on the ground that an alternative course of conduct that would have permitted removal of the case was available to the plaintiff. However, . . . . removal will be held proper when the plaintiff has concealed a legitimate ground of removal by fraud, mistake, inadvertence, *or artful pleading*. According to the decided case, *the plaintiff may be said to have engaged in "artful pleading" in particular when he pleads* (1) a state cause of action that has been completely preempted by a federal claim, (2) a state cause of action that is substantially similar to a previously dismissed federal claim brought by the plaintiff, although this basis for removal appears to have been eliminated by recent Supreme Court decision, or *a (3) state cause of action the merits of which turn on an important federal question.*

14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3721 (3rd ed.1998); *Id.* § 3722 ("[L]ower federal courts have held that removal is proper when a state cause of action set forth by the plaintiff necessarily turns on a limited set of important federal issues."); *Scott v. Greiner*, 858 F.Supp. 607, 609 n. 1 (S.D.W.Va.1994).[2]

Another respected commentator has stated:

---

**2.** One could read into *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 118 S.Ct. 921, 139

L.Ed.2d 912 (1998), an intention by the Supreme Court to collapse the artful pleading

The Supreme Court has recognized three separate categories of cases in which federal courts may deviate from the well-pleaded complaint rule[, one being] *substantial-federal-question cases . . . .*

[This category] provides federal question jurisdiction to those cases that require the adjudication of a substantial federal issue embedded in a claim that the plaintiff has pleaded as a state cause of action.

Arthur R. Miller, *Artful Pleading: A Doctrine in Search of Definition*, 76 Tex. L.Rev. 1781, 1784–85 (1998).

The artful pleading doctrine, as an exception to the well-pleaded complaint rule, has its genesis in *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577 (1921). *Smith* has been cautiously applied, however, and limited in recent years. For example, in *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986), the Supreme Court held no federal question was present where plaintiff alleged a violation of a federal statute as an element of a state cause of action. *Merrell Dow* suggests the focus in applying the artful pleading doctrine is the nature of the federal interest at stake. Attempting to reconcile seemingly conflicting lines of authority, *Merrell Dow* compared the finding of jurisdiction in *Smith*, with the finding of no jurisdiction in *Moore v. Chesapeake & Ohio R. Co.*, 291 U.S. 205, 54 S.Ct. 402, 78 L.Ed. 755 (1934). The Supreme Court stated:

> and complete preemption doctrines into a single exception to the well-pleaded complaint rule. To read into *Rivet* such a rule, however, would require a finding the Supreme Court *sub silentio* overruled a landmark line of cases that have guided the determination of federal jurisdiction for many decades. The Court declines to do so.

**3.** The Court makes its ruling with an awareness of *Caudill v. Blue Cross and Blue Shield of North Carolina*, 999 F.2d 74 (4th Cir.1993), a case cited by neither party. *Caudill* is factually distinguishable on several grounds. Further, *Caudill* has been roundly criticized

[T]he difference in results can be seen as manifestations of the differences in the nature of the federal issues at stake. In *Smith*, as the Court emphasized, the issue was the constitutionality of an important federal statute. In *Moore*, in contrast, the Court emphasized that the violation of the federal standard as an element of state tort recovery did not fundamentally change the state tort nature of the action.

*Id.* at 815 n. 12, 106 S.Ct. 3229.

Determining what constitutes a substantial federal question strong enough to trump the well-pleaded complaint rule remains decidedly murky. Indeed, the present case falls in the grey area between *Smith* and *Moore*. Nonetheless, this case is much closer on the jurisdictional continuum to *Moore* rather than *Smith*, even considering the federalization of the National Flood Insurance Program, the federal common law underlying it, and the description of the program by some courts as being a "child of Congress." *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386 (9th Cir.2000) (quoted authority omitted).

At bottom, Defendants seek to impose a new element of proof on Plaintiffs, namely that Allstate did not err in interpreting the subject policy. Assuming Defendants are correct, and further assuming the proffered new element is not in actuality a defense to Plaintiffs' showing of a duty under state negligence law, the issue does not rise to a substantial federal question justifying removal.[3] Defendants arguments to the contrary are unavailing.

> by courts and commentators as an aberration. *See, e.g., Goepel v. National Postal Mail Handlers Union, a Div. of LIUNA*, 36 F.3d 306, 315 (3rd Cir.1994) ("[W]e reject the *Caudill* court's construction of *Boyle* as a case establishing an alternative basis for the removal of a state claim to federal court."); *Arnold By and Through Arnold v. Blue Cross & Blue Shield of Texas, Inc.*, 973 F.Supp. 726, 736–37 (S.D.Tex.1997) ("the *Caudill* court erroneously ignored the well-pleaded complaint rule.... Neither the Fifth Circuit, nor any other federal Court of Appeals, has, to this Court's knowledge, adopted this error committed by the court in *Caudill.*"); Karen A.

Accordingly, the Court **GRANTS** Plaintiffs' motion to remand. This action is **REMANDED** to the Circuit Court of Kanawha County, West Virginia for all further proceedings.

The Clerk is directed to (1) post this Memorandum Opinion on the Court's public website at www.wvsd.uscourts.gov; (2) send a copy to counsel of record; and (3) send a certified copy to the Clerk of Court for the Circuit Court of Kanawha County.

Jordan, *The Complete Preemption Dilemma: A Legal Process Perspective*, 31 Wake Forest L.Rev. 927, 976 (1996) ("Thus, although the *Caudill* court may have thought it was following the essence of *Avco*, the analysis was flawed in one regard. *Even if federal courts could create a body of federal law to govern the interpretation of policy terms*, the state action was not preempted as in *Avco*. Rather, the action would proceed as a state claim in which federal law would govern some issues. Thus, not only was there no federal cause of action, the state claim was also not entirely displaced."); Kenneth Lee Marshall, *Understanding Merrell Dow: Federal Question Jurisdiction for State–Federal Hybrid Cases*, 77 Wash.U.L.Q. 219, 235 (1999) ("While the Fourth Circuit's reliance on *Boyle* was justified to reach its conclusion that federal common law governs "[l]itigation regarding this insurance contract," *Boyle* does not support the court's exercise of jurisdiction."). *Caudill* also appears irreconcilable with the court of appeals' prior and later decisions on the subject and the Supreme Court's more recent decision in *Rivet, see supra* note 2.