**Danny J. BRYANT and Kathy Bryant, Plaintiffs,**

v.

**WAL–MART STORES EAST, INC., and Claims Management, Inc., Defendants.**

**Civil Action No. 2:00–0795.**

United States District Court, S.D. West Virginia.

Oct. 20, 2000.

Lera Vanmeter, Charleston, WV, for plaintiffs.

Kathlene Harmon–McQueen, Heather M. Wright, McQueen Harmon & Potter, Charleston, WV, for defendants.

### MEMORANDUM OPINION AND ORDER DENYING REMAND

HADEN, Chief Judge.

Pending is Plaintiffs' objection to removal to federal court, which the Court considers as a motion to remand, pursuant to 28 U.S.C. § 1447(c). The motion is **DENIED.**

Plaintiffs' motion consists of two numbered paragraphs, the first asserting the Plaintiffs only demanded seventy thousand dollars and the second asserting the motion was timely filed. While both propositions are correct, neither is dispositive.

■ The amount requested by Plaintiffs in the West Virginia state court action does not necessarily determine the amount in controversy because, in West Virginia, a plaintiff is not bound by the *ad damnum* clause and may seek to amend it after final judgment to conform to the evidence. *See Hicks v. Herbert,* No. 5:00–0448, 2000 WL 1231397 at *1 (S.D.W.Va. Aug.17, 2000).

In their Complaint, Plaintiffs seek recovery for medical expenses already incurred of four thousand six hundred five dollars and seventy-five cents ($4,605.75), and lost wages of two thousand eight hundred ninety-nine dollars and sixty-five cents ($2,899.65), as well as sums for diminished capacity to enjoy life, serious and permanent physical injuries, serious mental anguish, pain and suffering, and loss of consortium. Plaintiffs also seek punitive damages for willful and reckless misconduct and bad faith.

■ This Court has previously found that a request for punitive damages, where properly recoverable, inevitably inflates a plaintiff's potential recovery. *See Hicks,* 2000 WL 1231397 at *1; *Chiartas v. Bavarian Motor Works, AG,* No. 2:00–0499, 2000 WL 1091467 (S.D.W.Va.2000) (citing *Weddington v. Ford Motor Credit Co.,* 59

F.Supp.2d 578, 584 (S.D.W.Va.1999)); *see also Cline v. Matney,* 20 F.Supp.2d 977 (S.D.W.Va.1998). A good faith claim for punitive damages may augment compensatory damages in determining the amount in controversy unless it can be said to a legal certainty that plaintiff cannot recover punitive damages in the action. *See White v. J.C. Penney Life Ins. Co.,* 861 F.Supp. 25, 27 (S.D.W.Va.1994) (citing *Bell v. Preferred Life Assurance Soc'y,* 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15 (1943)).

Under West Virginia law, punitive damages are recoverable in tort actions, "where gross fraud, malice, oppression, or wanton, willful, or reckless conduct or criminal indifference to civil obligations affecting the rights of others appear[.]" *Smith v. Perry,* syl. pt. 1, 178 W.Va. 395, 397, 359 S.E.2d 624, 625 (1987). West Virginia courts have upheld punitive damage awards substantially in excess of compensatory damages recovered. *See TXO Prod. Corp. v. Alliance Resources Corp.,* 187 W.Va. 457, 419 S.E.2d 870 (1992), *aff'd,* 509 U.S. 443, 113 S.Ct. 2711, 125 L.Ed.2d 366 (1993). Thus, Plaintiffs' punitive damage claims, presumably asserted in good faith, are potentially recoverable in this action and serve to augment the amount in controversy.

Accordingly, the Court finds and concludes the amount in controversy in this action exceeds the jurisdictional threshold of seventy-five thousand dollars ($75,000). 28 U.S.C. § 1332(a). The Court **DENIES** Plaintiffs' motion to remand.

The Clerk is directed to send a copy of this Order to counsel of record and to post this published opinion at www.wvsd.uscourts.gov.