**Steve MARZE**

v.

**FORD MOTOR COMPANY.**

**No. Civ.A. 01–0117.**

United States District Court,
E.D. Louisiana.

April 24, 2001.

Gordon L. Hackman, Gordon Hackman, Boutte, LA, for plaintiff.

Brian C. Anderson, John F. Niblock, O'Melveny & Myers, Washington, DC, James Edward Swinnen, Colvin Gamble Norwood, Jr., Mark N. Bodin, McGlinchey Stafford, PLLC, New Orleans, LA, for defendant.

## MINUTE ENTRY

BARBIER, District Judge.

Before the Court is a **Motion to Remand (Rec.Doc. 5)** filed by plaintiff Steve Marze ("Marze"). Defendant Ford Motor Company ("Ford") opposes the motion. The motion, set for hearing on March 28, 2001, is before the Court on briefs without oral argument. Finding that Ford has failed to establish subject matter jurisdiction, the Court GRANTS Marze's motion and remands this case to state court pursuant to 28 U.S.C. § 1447(c).

### Background

Marze filed suit in state court, on behalf of himself and all others similarly situated, seeking damages resulting from alleged manufacturing defects in certain Ford automobiles. In his state court petition, Marze expressly stated that his damages were $50,000 or less. Nevertheless, Ford removed the case to this Court asserting subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). Marze has moved to remand the case to state court arguing that the Court is without subject matter jurisdiction because the amount in controversy does not exceed $75,000.

### Discussion

Federal courts are courts of limited subject matter jurisdiction and as such are precluded from entertaining a suit unless authorized by law. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir.1996). Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts have diversity jurisdiction in all civil actions where the amount in con-

troversy exceeds $75,000, and the suit is between citizens of different states. The removing party bears the burden of establishing that federal jurisdiction exists. *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252 (5th Cir.1961)).

Ford removed the case to this Court, and therefore, bears the burden of establishing that the amount in controversy requirement is met. Ford argues that the amount in controversy far exceeds $75,000 because any award of attorney fees must be attributed to Marze, the class representative, under *In Re Abbott*, 51 F.3d 524 (5th Cir.1995). Recognizing, however, that this Court has previously held that attorney fees will only be attributed to the class representative(s) when awarded pursuant to a specific statute, Ford argues that Marze's' suit, while ostensibly characterized as a products liability claim, is in fact one in redhibition pursuant to La. C.C. art. 2545, which provides for attorneys fees.[1] Relying on *Pendleton v. Parke–Davis, Inc.*, 2000 WL 1808500 (E.D.La. Dec.7, 2000), Ford asserts that Marze, as class representative, cannot waive a viable redhibition claim in order to defeat federal jurisdiction. In the alternative, Ford argues that *Abbott* allows the Court to assume jurisdiction over the entire class where the claims of at least one unnamed class member likely exceed $75,000.

For purposes of a putative class action, the amount in controversy may be satisfied when the value of the claims of one of the class representatives exceeds $75,000. *Dixon v. Ford Motor Credit Co.*, 1998 WL 914260 (E.D.La. Dec.29, 1998). In such a situation, the Court may then exercise supplemental jurisdiction over the claims of the remaining class members. *Id.* (citing 28 U.S.C. § 1367(a)); *Abbott*, 51 F.3d at 529. Attorney's fees, when awarded as an element of damages pursuant to a specific statute, are attributed to the class representative(s) for purposes of the amount in controversy. *See Abbott*, 51 F.3d at 526–27; *Dixon*, 1998 WL 914260, at *2.[2]

Turning back to the case at hand, the Court concludes that Ford has failed to show that Marze's damages exceed $75,000. Ford's entire basis for the amount in controversy is the imputation of attorney's fees pursuant to Civil Code article 2545 which governs redhibition claims. Even a cursory review of Marze's state court petition reveals that he is not asserting claims in redhibition. Accordingly, Ford cannot rely on the attorney fee provision of article 2545 as a basis for this Court's subject matter jurisdiction.

1. Louisiana Civil Code article 2545 provides in part:

A seller who knows that the thing he sells has a defect but omits to declare it, or a seller who declares that the thing has a quality that he knows it does not have, is liable to the buyer for the return of the price with interest from the time it was paid, for the reimbursement of the reasonable expenses occasioned by the sale and those incurred for the preservation of the thing, and also for damages *and reasonable attorney fees*.

La. Civ.Code art. 2545 (West 1996) (emphasis added).

2. After *Abbott*, the district courts in Louisiana have split as to when a court should consider attorney's fees in determining the amount in controversy. *Braxton v. IMC Phosphates MP, Inc.*, 2000 WL 1576827, at *2 (E.D.La. Oct. 20, 2000). Some courts refuse to consider attorney fees unless awarded as an element of damages pursuant to a specific statute, excluding article 595 of the Louisiana Code of Civil Procedure. *Id.* Other courts find that *Abbott* does not require a specific statute. *See, e.g., McKnight v. Illinois Cent. R.R.*, 967 F.Supp. 182 (E.D.La.1997). This Court has consistently followed the former approach. *See, e.g., Jones v. The Valvoline Co.*, 1999 WL 319215 (E.D.La. May 20, 1999).

Further, Ford's reliance on *Pendleton v. Parke–Davis, Inc.,* 2000 WL 1808500 (E.D.La. 12/7/2000), is misplaced. According to Ford, *Pendleton* holds that Marze, as representative of the putative class, cannot waive an otherwise viable redhibition claim as a means to defeat federal jurisdiction. To the contrary, the issue in *Pendleton* was not whether plaintiffs could waive a redhibition claim to defeat jurisdiction. The *Pendleton* plaintiffs were in fact pursuing redhibition claims but had attempted to waive the attorney fee award. *Pendleton* merely holds that where plaintiffs pursue a claim in redhibition, the class representative cannot waive the attorney fee award to defeat federal jurisdiction. 2000 WL 1808500, at *5. Given that Marze is not pursuing claims in redhibition, the instant case is distinguishable from *Pendleton* in a fundamental sense.

Finally, relying on *Abbott* and *Chiartas v. Bavarian Motor Works,* 106 F.Supp.2d 872 (S.D.W.Va. Aug.3, 2000), Ford argues that the Court can assume jurisdiction over the entire class because the claims of at least one unnamed class member are likely to exceed $75,000. Ford's reliance on *Abbott* for such a proposition is tenuous at best given that the *Abbott* court focused only on whether a federal court could exercise jurisdiction where the *class representative(s)'s* claims met the jurisdictional amount. Even assuming *arguendo* that this approach were valid, Ford's assertion as to the damages of some unknown class member is a product of pure speculation. In this respect, *Chiartas* is distinguishable because plaintiffs were seeking punitive damages in that case.

In sum, the Court concludes that Ford has failed show that the amount in controversy requirement is met. Accordingly, the Court concludes that it is without subject matter jurisdiction to entertain this suit and remands it to state court pursuant to 28 U.S.C. § 1447(c).

Accordingly;

**IT IS ORDERED** that Marze's **Motion to Remand** should be and hereby is **GRANTED**. The case is **REMANDED** to the 29th Judicial District Court for the Parish of St. Charles.